476 So.2d 161 (1985)
STATE of Florida, Petitioner,
v.
Brian Anthony YOUNG, Respondent.
No. 66257.
Supreme Court of Florida.
August 29, 1985.
Jim Smith, Atty. Gen., and Gregory G. Costas, Asst. Atty. Gen., Tallahassee, for petitioner.
Michael E. Allen, Public Defender, and Kenneth L. Hosford, Asst. Public Defender, Tallahassee, for respondent.
SHAW, Justice.
This cause is before us based on a certified question of great public importance:
WHEN AN APPELLATE COURT FINDS THAT A SENTENCING COURT RELIED UPON A REASON OR REASONS THAT ARE IMPERMISSIBLE UNDER FLA.R.CR.P. 3.701 IN MAKING ITS DECISION TO DEPART FROM THE SENTENCING GUIDELINES, SHOULD THE APPELLATE COURT EXAMINE THE OTHER REASONS GIVEN BY THE SENTENCING COURT TO DETERMINE IF THOSE REASONS JUSTIFY DEPARTURE FROM THE GUIDELINES OR SHOULD THE CASE BE REMANDED FOR A RESENTENCING.
Young v. State, 455 So.2d 551, 552 (Fla. 1st DCA 1984). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
In Albritton v. State, 476 So.2d 158 (Fla. 1985), we recently addressed the broad question of appellate review of departures from sentencing guidelines. Our discussion there subsumes the specific question here. When a departure sentence is grounded on both permissible and impermissible reasons, the sentence should be reversed and the case remanded for resentencing unless the state is able to show beyond a reasonable doubt that the absence *162 of the impermissible reason(s) would not have affected the departure sentence.
It is clear that the district court here was unable to determine beyond a reasonable doubt that the impermissible reasons did not affect the departure sentence. We approve the decision reversing the sentence and remanding the case for resentencing.
It is so ordered.
BOYD, C.J., and OVERTON, ALDERMAN, McDONALD and EHRLICH, JJ., concur.
ADKINS, J., concurs in result only.