476 So.2d 158 (1985)
Lloyd E. ALBRITTON, Petitioner,
v.
STATE of Florida, Respondent.
No. 66169.
Supreme Court of Florida.
August 29, 1985.
Rehearing Denied October 23, 1985.
*159 James B. Gibson, Public Defender, and Daniel J. Schafer, Asst. Public Defender, Daytona Beach, for petitioner.
Jim Smith, Atty. Gen. and Gary W. Tinsley, Asst. Atty. Gen., Daytona Beach, for respondent.
SHAW, Justice.
This case, Albritton v. State, 458 So.2d 320 (Fla. 5th DCA 1984), is before us because of direct and express conflict with Young v. State, 455 So.2d 551 (Fla. 1st DCA 1984). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
The facts of the case are recited in the district court opinion. For our purposes, it is enough to say that the trial judge elected to depart from the sentencing guidelines of rule 3.701, Florida Rules of Criminal Procedure, and gave as reasons for the departure both an invalid and valid reason. The district court affirmed on the basis that "a departure sentence can be upheld on appeal if it is supported by any valid ("clear and convincing") reason without the necessity of a remand in every case." Albritton, 458 So.2d at 321. The district court also held the extent of departure from the guidelines is not subject to appellate review provided there is no violation of the maximum statutory sentence authorized by the legislature for the offense in question. We disagree on both points.
The first question is essentially one of what standard of review should be applied by an appellate court when a trial court bases its decision to depart from the sentencing guidelines on both valid and invalid reasons. Broadly, there are three potential answers to the question: (1) reliance on an invalid reason, regardless of the presence of a valid reason, is per se reversible error; (2) reliance on a valid reason, regardless of the presence of invalid reasons, is per se affirmable; or (3) reliance on valid and invalid reasons should be reviewed applying a harmless error analysis. Both parties urge that we adopt a harmless error analysis. There are, however, significant differences between the parties as to what presumptions should be applied using the standard. Petitioner urges that we follow the approach of Carney v. State, 458 So.2d 13 (Fla. 1st DCA 1984), and presume that the error is reversible unless the reviewing court determines the departure sentence "would not be affected by elimination of the impermissible reasons or factors stated." Id. at 17. In support, petitioner cites probation revocation cases where the courts have reversed revocation orders and remanded for reconsideration when the reviewing court has been unable to determine whether the trial judge would have revoked probation in the absence of an improper ground. Watts v. State, 410 So.2d 600, 601 (Fla. 1st DCA 1982); Aaron v. State, 400 So.2d 1033, 1035 (Fla. 3d DCA), review denied, 408 So.2d 1095 (Fla. 1981); Clemons v. State, 388 So.2d 639, 640 (Fla. 2d DCA 1980); Peterson v. State, 384 So.2d 965, 966 (Fla. 1st DCA 1980); Page v. State, 363 So.2d 621, 622 (Fla. 1st DCA 1978); McKeever v. State, 359 So.2d 905, 906 (Fla. 2d DCA 1978). Respondent urges the contrary and would have a reviewing court affirm a departure sentence where a valid reason exists unless the record clearly indicates that the trial judge would have altered his decision in the absence of the invalid reasons.
*160 The standard recommended by petitioner is essentially that of Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), which places the burden on the beneficiary of the error to prove beyond a reasonable doubt that the error did not contribute to the verdict.[1] We adopt this standard and hold that when a departure sentence is grounded on both valid and invalid reasons that the sentence should be reversed and the case remanded for resentencing unless the state is able to show beyond a reasonable doubt that the absence of the invalid reasons would not have affected the departure sentence.
Petitioner's next point is that the district court erred in holding that the only lawful limitation on the extent of departure from a guidelines sentence is the maximum statutory sentence for the offense in question. In support of the district court holding, respondent urges that the sentencing guidelines commission presumably considered the need for a cap on departure sentences and rejected the idea. Thus, in respondent's view, appellate courts should not create a cap but should leave it to the guidelines commission to reconsider the question if such action is deemed desirable. Respondent does, however, concede that departure sentences are subject to an abuse of discretion. In this respect, respondent would soften the more stringent holding of the district court that the only limitation on the trial court's discretion is the maximum authorized sentence under the statute. Petitioner urges that the district court position is contrary to section 921.001(5), Florida Statutes (1983), which provides that departures from the sentencing guidelines will be subject to appellate review and with the stated purpose of the sentencing guidelines  to eliminate unwarranted disparity and promote uniformity of sentences on a statewide basis. Petitioner suggests that we adopt a cap permitting an upward departure of one cell above the recommended range.[2]
Both parties appear to agree that the extent of the departure is subject to appellate review. Thus, as on point one, the real question is the proper standard of review for departure sentences. We see merit in adoption of the abuse of discretion standard as urged by the respondent. While the guidelines are intended to eliminate unwarranted disparity and to promote uniformity of sentences, they are not intended to usurp judicial discretion. Sentencing is still an individualized process. For that reason, the guidelines themselves provide for sentences which depart from the norm. To place a cap on the degree of departure from the guidelines sentence would severely restrict the trial judge's discretion to impose sentences, within statutory limits, based on the particular factors present in an individual sentencing. In our view, and we so hold, the proper standard of review is whether the judge abused his judicial discretion. An appellate court reviewing a departure sentence should look to the guidelines sentence, the extent of the departure, the reasons given for the departure, and the record to determine if the departure is reasonable.[3] We disagree with and disapprove the holding below that the only lawful limitation on a departure sentence is the maximum statutory sentence for the offense.
We quash the decision below and remand for proceedings consistent with this opinion.
It is so ordered.
*161 BOYD, C.J., and OVERTON, ALDERMAN, McDONALD and EHRLICH, JJ., concur.
ADKINS, J., concurs in result only.
NOTES
[1] We recently adopted the harmless error rule of Chapman in State v. Murray, 443 So.2d 955 (Fla. 1984).
[2] As a less attractive alternative, petitioner suggests we adopt the system set forth in State v. Evans, 311 N.W.2d 481 (Minn. 1981), which generally places an upper limit for a departure sentence of twice the guidelines sentence. Petitioner concedes that this system presents problems when the departure sentence involves imprisonment and the guidelines sentence does not.
[3] See Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla. 1980), for a full discussion of the abuse of judicial discretion standard. In so holding, we do not preclude the guidelines commission from developing data showing the need for and desirability of a more precise limitation on sentencing discretion.