ZEHMER, Judge.
We have this case for further consideration on remand by the Supreme Court with instructions to determine, in light of State v. Young, 476 So.2d 161 (Fla.1985), whether appellant’s sentence should be reversed because the trial court relied on both permissible and impermissible reasons in departing from the sentencing guidelines. The facts involved are fully stated in our first opinion. Von Carter v. State, 468 So.2d 276 (Fla. 1st DCA 1985).
The Young decision requires that when the departure sentence is grounded on both permissible and impermissible grounds
the sentence should be reversed and the case remanded for resentencing unless the state is able to show beyond a reasonable doubt that the absence of the impermissible reason(s) would not have affected the departure sentence.
476 So.2d at 161-2.
Our original decision found that of the seven basic reasons for departure set forth by the trial court, two reasons were permissible, one was partially permissible, and the remaining four were impermissible. 468 So,2d at 279-80. We then held that we were unable to conclude “that neither the court’s decision to depart from the guidelines sentence nor the severity of the departure would have been affected by elimination of the impermissible reasons for departure.” Id. at 280.
Upon further consideration in light of Young, we find that, because the impermissible reasons for departure were quite substantial (see discussion, 468 So.2d at 279-80), we are unable to conclude beyond a reasonable doubt that the absence of these impermissible reasons would not have affected the departure sentence.
Accordingly, the sentence is reversed and the cause is remanded for resentencing of appellant consistent with our prior opinion.
REVERSED and REMANDED.
SHIVERS and THOMPSON, JJ., concur.