488 So.2d 162 (1986)
Johnny L. HADLEY, Appellant,
v.
STATE of Florida, Appellee.
No. BE-475.
District Court of Appeal of Florida, First District.
May 15, 1986.
Michael Allen, Public Defender, Larry G. Bryant, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Kurt L. Barch, Asst. Atty. Gen., for appellee.
MILLS, Judge.
Hadley appeals from a sentence imposed pursuant to the sentencing guidelines following his conviction for aggravated battery and trespass on property. We affirm.
Hadley was positively identified by his elderly victim as the person who violently assaulted her in the yard of her home, resulting in injury requiring surgery. The physical attack was accompanied by verbal abuse calculated to place the woman in fear of her life. He was sentenced pursuant to the guidelines, which reflected a recommended sentence range of three and one-half to four and one-half years incarceration.
The trial judge departed from the guidelines to impose 15 years incarceration. He listed six reasons as justification therefor: 1) invasion of the privacy of the victim's property; 2) intentional creation of terror by his actions and threats during the extended attack; 3) the age and vulnerability of the victim (she is 60 years old and lives alone); 4) the fact that Hadley "laid in wait" to make the attack; 5) that he informed the victim during the attack that he had placed a contract out on her life; and 6) the psychological trauma suffered by the victim.
Hadley concedes the propriety of reasons two and six. The age and vulnerability of the victim are acceptable reasons for departure, Von Carter v. State, 468 So.2d 276 (Fla. 1st DCA 1985), as are reasons four and five as circumstances of the crimes. See Manning v. State, 452 So.2d 136 (Fla. 1st DCA 1984).
With regard to reason one, we recognize that the phrasing is somewhat ambiguous, so that it might seem that the court was improperly relying on an element of the crime charged (trespass), which under current authority would seem to require reversal of the sentence regardless of the propriety of the remaining reasons. See State v. Mischler, 488 So.2d 523 *163 (Fla. 1986); but see Albritton v. State, 476 So.2d 158 (Fla. 1985). However, it is our belief that the trial court intended to rely on the invasion of the victim's privacy, not her property. Therefore, reason one is valid as a circumstance of the crime.
Affirmed.
SMITH and THOMPSON, JJ., concur.