SANDERLIN, Judge.
In these appeals, which the court has consolidated on its own motion, appellant challenges the admission into evidence of certain statements he made to investigating officers. He also challenges his sentence, which represented a departure from the guidelines.
We have reviewed the record and relevant case law and find the trial court did not err in admitting into evidence any of appellant’s statements to investigating officers. Appellant’s convictions, therefore, are affirmed.
We do, however, find the trial court erred in sentencing appellant. In both cases, the trial court departed from the recommended guidelines range without setting forth written reasons. At the time of sentencing, the trial court did not have the benefit of the supreme court’s decision in State v. Jackson, 478 So.2d 1054 (Fla.1985), which requires the trial court to set forth in writing its reasons for departure. Because the sentencing transcript reveals both permissible and impermissible reasons for departure, see Albritton v. State, 476 So.2d 158 (Fla.1985), we reverse appellant’s sentences in both cases and remand for resentencing.
Affirmed in part, reversed in part, and remanded for resentencing.
GRIMES, A.C.J., and RYDER, J., concur.