494 So.2d 222 (1986)
Job Elton NIXON, Appellant,
v.
STATE of Florida, Appellee.
No. BC-196.
District Court of Appeal of Florida, First District.
June 4, 1986.
On Motion for Rehearing September 23, 1986.
*223 Michael E. Allen, Public Defender, and Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Patricia Conners, Asst. Atty. Gen., Tallahassee, for appellee.
BARFIELD, Judge.
Appellant, the defendant below, appeals the trial court's judgment and sentence for attempted burglary of a dwelling. An assistant public defender filed an Anders brief asserting his inability to make a good faith argument that reversible error occurred. The court has undertaken to review the record in this case pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and has found error involving the reasons for departure from the sentencing guidelines and possibly the extent of departure, both to be scrutinized under Albritton v. State, 476 So.2d 158 (Fla. 1985). Review of reasons for departure does not require an objection in the trial court. State v. Whitfield, 487 So.2d 1045 (Fla. 1986).
The reasons for departure were: 1) defendant's status as a habitual offender, 2) defendant's extensive juvenile record of burglary, 3) defendant's commission of the instant offense only 3 1/2 months after his release from prison, and 4) that defendant perjured himself at trial. The first three reasons are valid. See Weems v. State, 469 So.2d 128 (Fla. 1985); Whitehead v. State, 467 So.2d 779 (Fla. 1st DCA 1985); Swain v. State, 455 So.2d 533 (Fla. 1st DCA 1984). The fourth reason, that defendant perjured himself, is an invalid reason. See City of Daytona Beach v. Del Percio, 476 So.2d 197, 205-06 (Fla. 1985); Hunt v. State, 468 So.2d 1100 (Fla. 1st DCA 1985).
In Albritton, Justice Shaw, writing for the Supreme Court, said:
We ... hold that when a departure sentence is grounded on both valid and invalid reasons that the sentence should be reversed and the case remanded for resentencing unless the state is able to show beyond a reasonable doubt that the absence of the invalid reasons would not have affected the departure sentence.
476 So.2d at 160. The only reasonable and legally appropriate interpretation of that holding by this court is that the appellate court must determine beyond a reasonable doubt that the trial judge would have departed from the guidelines to the extent he did without consideration of the invalid reason and solely on the basis of the valid reasons. This is the interpretation and application made by the Florida Supreme Court in State v. Young, 476 So.2d 161 (Fla. 1985), also authored by Justice Shaw. In Young the court said:
It is clear that the district court was unable to determine beyond a reasonable doubt that the impermissible reasons did not affect the departure sentence. We approve the decision reversing the sentence and remanding the case for resentencing.
*224 476 So.2d at 162. This court's determination, approved by the Florida Surpeme Court, held:
[I]t is impossible to determine whether the trial judge would have come to the same conclusion on this reason alone.
Young v. State, 455 So.2d 551, 552 (Fla. 1st DCA 1984) (emphasis added). See also Brown v. State, 481 So.2d 1271 (Fla. 5th DCA 1986).
The second issue addressed by the Florida Supreme Court in Albritton was the determination by the appellate courts of the appropriate quantum of punishment to be imposed by the trial court. The court said:
Both parties appear to agree that the extent of departure is subject to appellate review. Thus ...
Albritton, 476 So.2d at 160. (We must interpret this statement to mean that the parties agreed with the court, and not that the court changed the law because the parties agreed with each other.) This issue was addressed by Judge Nimmons in his dissent in Young, 455 So.2d at 554. In rejecting that dissenting opinion, the Florida Supreme Court apparently determined that the appellate court not only may, but must review the extent of the trial court's departure from the recommended guidelines sentence. Without stating its basis for deviating from the historical notion that the quantum of punishment, so long as it is within the statutory limits, is not subject to appellate review, the court in Albritton apparently construed the guidelines rule and statute as now requiring the district court in each case to determine from the record whether the sentence imposed by the trial court demonstrates an abuse of discretion.
The obvious questions raised by the application of this "abuse of discretion" test are: whether such an abuse can be determined from a "cold record" without benefit of the trial judge's observations of the defendant and other witnesses; whether a remand for resentencing by the trial court should be unlimited, limited to a specific sentence determined appropriate by the appellate court, or limited to a maximum sentence set by the appellate court; whether any action by the appellate court may constitute an imposition of sentence in the defendant's absence; whether the extent of departure is a subject for appellate review independent of any error in the statement of the reasons for departure; and whether the appellate court can conclude that the sentence was not severe enough, with all the procedural uncertainties attendant on that determination.
There is absolutely nothing in this record to tell us what the trial judge would have done if he had not considered that the defendant had lied under oath at trial. In view of the other three valid reasons, departure seems reasonable to this court, but that is not the test. This record contains nothing from which this court can exclude the very strong possibility that the trial judge considered lying under oath more egregious conduct than being constantly in trouble with the law. Given that concern, and the opportunity to reconsider the sentence imposed without taking into account the impermissible reason for departure, would this trial judge have departed from the recommended guidelines sentence to the extent that he did, if at all? Can the appellate court, under these circumstances, approve that departure without addressing the appropriateness of the extent of departure under Albritton? Has it been shown "beyond a reasonable doubt" that the absence of an invalid reason would not have affected the departure sentence when the three panel members of the appellate court are not unanimously convinced, particularly when the "reasonable doubt" standard as applied in the trial court contemplates a unanimous verdict by at least six persons?
Having determined to reverse the sentence and remand for resentencing, we do not have to struggle further with the problems attendant to our reviewing the extent of departure.
REVERSED and REMANDED for resentencing.
*225 ZEHMER, J., concurs.
THOMPSON, J., dissents with written opinion.
THOMPSON, Judge, dissenting.
I agree that the only arguable error found in our review of the record is that one of the trial judge's reasons for departing from the sentencing guidelines was improper. However, based on my review of the record I would affirm.
The trial judge's reasons for departure were: 1) defendant's status as a habitual offender, 2) defendant's extensive juvenile record involving twelve (12) adjudications for burglary which were not considered in calculating defendant's guidelines score, 3) defendant's commission of the instant offense only 3 1/2 months after his release from prison, and 4) that defendant perjured himself at trial. I agree with the majority that the first three reasons are valid, but that the fourth reason, that defendant perjured himself, is an invalid reason.
The record in this case reveals that the trial judge had ample grounds for the departure. Each of the first three grounds is a good and sufficient reason in itself to deviate from the recommended guidelines sentence. All three together warrant a substantial deviation such that it can be safely said, beyond a reasonable doubt, that the absence of the impermissible reason would not have affected the judge's decision to depart from the recommended guidelines sentence or the extent of his departure. Brown v. State, 487 So.2d 1073 (Fla. 1986); State v. Young, 476 So.2d 161 (Fla. 1985); Albritton v. State, 476 So.2d 158 (Fla. 1985). The impermissible reason does not fall into one of the three categories of impermissible reasons which mandate reversal under State v. Mischler, 488 So.2d 523 (Fla. 1986), and is by far the most inconsequential of all the reasons given.
As no reversible error occurred, I would affirm the judgment and sentence of the trial court.

ON MOTION FOR REHEARING
BARFIELD, J.
Following issuance of the opinion filed June 4, 1986, this court directed the parties to brief the issues considered by the court in its review pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After considering the briefs of the parties and the motion for rehearing filed by the State, we deny the motion for rehearing.
ZEHMER, J., concurs.
THOMPSON, J., dissents without opinion.