495 So.2d 273 (1986)
Steven KIGAR, Appellant,
v.
STATE of Florida, Appellee.
No. 86-25.
District Court of Appeal of Florida, Fifth District.
October 2, 1986.
James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
*274 ORFINGER, Judge.
Kigar appeals from a departure sentence after pleading guilty to second degree grand theft. Kigar was a homeless transient who was befriended by the elderly victims, who provided him with room and board in exchange for some yard work. They helped him obtain employment and co-signed a loan so that he could purchase a motorcycle. Kigar rewarded their kindness by stealing some of their valuable antique jewelry and cameras. He was apprehended in New Mexico some time later, having served time there for a subsequent crime.
The trial judge sentenced him to 2 1/2 years in prison, a two cell upward departure from the recommended "non-state prison sanction," to be followed by 2 1/2 years of probation, and entered a written order specifying his reasons for departure, as follows:
1). Subsequent offenses not scored.

Davis v. State, 455 So.2d 602 (5DCA 84)
2). Breach of victim's trust.
3). Prior incarceration failed to deter defendant.

Jean v. State, 455 So.2d 1083 (2DCA 84) Any one of which would be sufficient for departure.
Reason number three is not a valid reason for departure because a defendant's prior record is incorporated into the scoresheet. Hendrix v. State, 475 So.2d 1218 (Fla. 1985). The subsequent offense not scored is a sufficient clear and convincing reason for departure. Davis v. State, 455 So.2d 602 (Fla. 5th DCA 1984). The guidelines do not prohibit a trial judge from departing on the basis of breach of the victims' trust where the breach of trust is not an inherent component of the crime for which the defendant was convicted. Hankey v. State, 485 So.2d 827 (Fla. 1986). Breach of trust is an inherent component of that form of theft formerly known as embezzlement, defined as fraudulent appropriation of another's property by a person to whom it has been entrusted or into whose hands it has lawfully come. State v. Mischler, 488 So.2d 523 (Fla. 1986). What is not made clear in Mischler is whether breach of trust is to be considered an inherent component of any form of theft because of the combination of the various types of theft, including embezzlement, into the Omnibus Theft Statute, section 812.014. Breach of trust is not an inherent component of the type of theft commonly referred to as stealing, although it is sometimes present, and we do not read Mischler as prohibiting departure based on a breach of trust in the ordinary theft case. Therefore, it would appear that breach of trust clearly proved, was a valid reason for departure here.
But even if the "breach of trust" reason is invalid under Mischler, we believe that the trial judge met the requirements of Albritton v. State, 476 So.2d 158 (Fla. 1985) by clearly and succinctly stating that he would have departed for any one of the reasons which he gave. We see no purpose to be served by sending the case back and asking the trial judge in effect, to tell us if he really meant what he said. The supreme court recently disapproved the use of "boiler plate" language in departure sentences to the effect that a departure sentence would still be imposed even if some reasons were invalid, see The Florida Bar Re: Rules of Criminal Procedure, 482 So.2d 311, 312 (Fla. 1985), but we do not believe that the supreme court intended to prohibit trial judges from making such a finding on an individualized case by case basis. See Brown v. State, 481 So.2d 1271 (Fla. 5th DCA 1986). Where the record indicates, as it does here, that the trial judge conscientiously weighed the relevant factors in imposing sentence and in concluding that a non-state prison sanction was inappropriate, and that he would have departed for any valid reason, and where he says so in his order, we should give the order due deference. The language used here was not a "boiler plate" provision in a printed order. This was a typewritten order specifically prepared for this case, and the sentencing dialogue clearly indicates that the trial judge, in the exercise of his sentencing discretion, believed that a departure *275 sentence was necessary and justified.
AFFIRMED.
COBB, J., concurs.
DAUKSCH, J., dissents without opinion.