GLICKSTEIN, Judge,
concurring specialty-
I concur in the result, but would say that some of what the trial court wrote adequately translates stated circumstances into valid reasons for departure. Albeit more explicitly stated reasons could save bench and bar a great amount of time, I appreciate that trial courts often must work hurriedly because of a huge workload.
*918 It is not necessary to perceive the stated reasons for departure as four in number, as appellant asserts. If, rather, we regard the writing as merely “stream of consciousness,” it is not farfetched to accept as adequate and valid the first part of the stated reasons. It may be read as saying the departure was occasioned by appellant’s malice and complete disregard for the law, which were evidenced by his cunningly premeditated substantive offenses, namely armed sexual battery, armed kidnapping, armed robbery and burglary of a dwelling. It seems clear the word “substantive” was used to characterize appellant’s crimes in contradistinction to more formal probation violations, such as neglecting to report to one’s probation officer as required. Read this way, the statement shows how the circumstances of the probation revocation also justify a sentencing departure.
I agree, however, that the phrase “protection of society” is at best vague, and that “complete disregard for ... probation conditions” presents an invalid reason for departure. Unable to determine that the departure was unaffected by the invalid reason or reasons, we must reverse and remand for the purposes set forth by the majority. See Albritton v. State, 476 So.2d 158 (Fla.1985).