497 So.2d 293 (1986)
Robert REICHMAN, Appellant,
v.
STATE of Florida, Appellee.
No. BJ-264.
District Court of Appeal of Florida, First District.
October 30, 1986.
Rehearing Denied November 26, 1986.
*294 Michael E. Allen, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Gary L. Printy, Asst. Atty. Gen., Tallahassee, for appellee.
ERVIN, Judge.
Appellant was convicted of various offenses that carried a recommended guideline range of 12-17 years, from which the trial court departed and imposed a sentence of 25 1/2 years. Of the seven reasons for departure given by the trial court, we find only the last reason  that the victim of the offense of attempted murder was a law enforcement officer  to be of merit. See State v. Baker, 483 So.2d 423 (Fla. 1986). All the remaining reasons are invalid because they cite circumstances that have either been factored into the recommended range, were related to prior arrests without conviction, or fail the clear and convincing standard. Having found only one of the seven reasons cited as a clear and convincing reason for departure, it must be shown by the state beyond a reasonable doubt that the absence of the invalid reasons would not have affected the departure sentence. Albritton v. State, 476 So.2d 158 (Fla. 1985). We find that the reasonable doubt standard has been met and therefore affirm.
After stating his reasons for departure, the trial judge concluded that if any of the reasons stated were later determined on appeal to be both valid and invalid, he would nevertheless impose the same sentence outside the recommended range. With this unequivocal statement in the record, we find that the trial judge would have departed on the basis of the last reason alone, thus satisfying the reasonable doubt standard of Albritton v. State. Because we foresee that trial court judges will continue to include similar standard language when departing from guideline sentences, we certify the following question to be of great public importance:
DOES A TRIAL COURT'S STATEMENT, MADE AT THE TIME OF DEPARTURE FROM THE SENTENCING GUIDELINES, THAT IT WOULD DEPART *295 FOR ANY ONE OF THE REASONS GIVEN, REGARDLESS OF WHETHER BOTH VALID AND INVALID REASONS ARE FOUND ON REVIEW, SATISFY THE STANDARD SET FORTH IN ALBRITTON V. STATE?

AFFIRMED.
WIGGINTON, J., concurs.
BARFIELD, J., concurs specially with an opinion.
BARFIELD, Judge, concurring:
Under our interpretation of Albritton in Nixon v. State, 494 So.2d 222, 223 (Fla. 1st DCA 1986), when the appellate court is presented with both valid and invalid reasons for departure from a recommended guidelines sentence, it must remand the case for resentencing unless it is able to determine beyond a reasonable doubt that the trial judge would have departed from the guidelines to the extent he did without consideration of the invalid reason(s) and solely on the basis of the valid reason(s).
This is the interpretation and application made by the Florida Supreme Court in State v. Young, 476 So.2d 161, 162 (Fla. 1985), in which the court said: "It is clear that the district court was unable to determine beyond a reasonable doubt that the impermissible reasons did not affect the departure sentence. We approve the decision reversing the sentence and remanding the case for resentencing."
In Nixon, this court remanded the case for resentencing because it was unable to make such a determination, observing:
There is absolutely nothing in this record to tell us what the trial judge would have done if he had not considered that the defendant had lied under oath at trial. In view of the other three valid reasons, departure seems reasonable to this court, but that is not the test. This record contains nothing from which this court can exclude the very strong possibility that the trial judge considered lying under oath more egregious conduct than being constantly in trouble with the law. Given that concern, and the opportunity to reconsider the sentence imposed without taking into account the impermissible reason for departure, would this trial judge have departed from the recommended guidelines sentence to the extent that he did, if at all?
494 So.2d at 224.
In Leopard v. State, 491 So.2d 1284, 1286 (Fla. 1st DCA 1986), again presented with valid and invalid reasons for departure, this court affirmed the departure sentence because it found that the trial judge's statement during sentencing, that any one of the reasons given was sufficient to justify the departure, "unequivocally demonstrates that he would depart from the guidelines for any one or combination of his stated reasons" and that the Albritton "reasonable doubt" standard had been met. The Fifth District Court of Appeal noted in Kigar v. State, 495 So.2d 273, 274 (Fla. 5th DCA 1986):
[T]he trial judge met the requirements of Albritton v. State by clearly and succinctly stating that he would have departed for any one of the reasons which he gave. We see no purpose to be served by sending the case back and asking the trial judge in effect, to tell us if he really meant what he said. The supreme court recently disapproved the use of "boiler plate" language in departure sentences to the effect that a departure sentence would still be imposed even if some reasons were invalid, but we do not believe that the supreme court intended to prohibit trial judges from making such a finding on an individualized case by case basis. Where the record indicates, as it does here, that the trial judge conscientiously weighed the relevant factors in imposing sentence and in concluding that a non-state prison sanction was inappropriate, and that he would have departed for any valid reason, *296 and where he says so in his order, we should give the order due deference.
(cites omitted).
I recognize the possibility that some trial judges may be tempted to include such a statement in all departure sentences, as noted by the court in The Florida Bar Re: Rules of Criminal Procedure (Sentencing Guidelines, 3.701, 3.988), 482 So.2d 311 (Fla. 1985), in which it declined to approve a committee note that set out what the court characterized as "boiler plate language" to be included in the written statement of reasons for departure, "where deemed appropriate." Trial judges, sworn to uphold and serve the ends of justice, must avoid this temptation.
The court perceptively noted that in many cases the improper inclusion of an erroneous factor will affect the objective determination of the appropriate sentence. However, in some cases it is reasonable for the trial judge to conclude, after conscientiously weighing the relevant factors in his decision to depart, that his decision would not be affected by elimination of one or more of several reasons for departure. A statement such as the one made by the trial judge in this case must be coupled with such a careful determination.
We should not address the appropriateness of such language outside of the context of a specific decision. The issue should be determined in a particular case not merely upon scrutiny of the language used, but upon an evaluation of the record to see whether it reflects a carefully considered judgment of the trial judge that he would have departed as he did even if the impermissible reasons were omitted. As in Kigar, it is apparent in this case that the trial judge made such a reasoned determination, that his statement was not "boiler plate," and that he believed a departure sentence was necessary and justified by any one of the reasons given.
I concur in the affirmance of the departure sentence, based on the trial judge's statement that he would have imposed the same sentence if any of the reasons given were found to be valid, and in certification of the question whether this type of statement satisfies the Albritton standard.