GEIMES, Acting Chief Judge.
We find that appellant was properly convicted of sexual battery and burglary of a dwelling. However, his sentence must be reversed because none of the reasons given for departure from the guidelines can stand.
The three reasons for departure and an analysis of their invalidity follows:

Extreme psychological trauma to victim of sexual battery.

On the theory that departures cannot be based on factors common to nearly all crimes in the sentencing category, our supreme court has held that emotional hardship can never constitute a clear and convincing reason for departure in a sexual battery case. Lerma v. State, 497 So.2d 736 (Fla.1986).

*968
Unprovoked attack upon an infant child.

While appellant did attack the victim’s child during the course of the sexual battery, appellant was neither charged nor convicted for such attack. Hence, this constituted a factor relating to the instant offense for which a conviction has not been obtained. Fla.R.Crim.P. 3.701(d)(11). Tyner v. State, 491 So.2d 1228 (Fla.2d DCA 1986).

Prior similar acts show a propensity to commit similar acts.

Prior convictions of similar crimes is not a valid reason for departure. Baker v. State, 493 So.2d 515 (Fla. 1st DCA 1986).
We affirm appellant’s convictions but reverse the sentences and remand for resen-tencing within the guidelines’ presumptive sentencing range.
CAMPBELL and LEHAN, JJ„ concur.