502 So.2d 1009 (1987)
Scott Lee TRAVER, Appellant,
v.
STATE of Florida, Appellee.
No. 86-670.
District Court of Appeal of Florida, Second District.
February 20, 1987.
James Marion Moorman, Public Defender and William H. Pasch, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Tallahassee and James A. Young, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
Appellant was convicted of burglary with assault, kidnapping, auto theft and petit theft. He argues three points on appeal relating to his sentences. We affirm the convictions and adjudications of guilt. However, we find merit in one of appellant's points, and accordingly, vacate his sentence and remand for resentencing.
*1010 Appellant's first point on appeal is that the trial court erred in setting out in narrative form the reasons for departure from the guidelines sentence. We find no merit in this point. Written reasons in narrative form may make review more difficult, but it does not constitute reversible error. See Lerma v. State, 497 So.2d 736 (Fla. 1986) (supreme court analyzes reasons for departure set out in a narrative form).
Appellant's second point is that the trial court departed from the suggested guidelines sentence for invalid reasons. This point has merit. A thorough reading of the trial court's written reasons for departure indicates  at the most  twelve reasons for departure. For the trial court's guidance at resentencing, we have listed below the twelve reasons, whether they are valid, and a brief statement why.

 1. Pecuniary gain: Invalid (element of burglary).
 2. Premeditated: Valid (not inherent component of the
 crimes. (Lerma v. State, 497 So.2d 736,
 738).
 3. Heinous and cruel manner: Invalid (not supported by facts).
 4. Physical disparity: Possibly valid (supreme court finds
 helplessness invalid as inherent in sexual
 battery. Lerma. But, first district finds
 vulnerability valid in aggravated battery
 and trespass on property. Hadley v. State,
 488 So.2d 162 (Fla. 1st DCA 1986)).
 5. Age disparity: Valid (Hadley; Brown v. State,
 483 So.2d 537, 539 (Fla. 2d DCA 1986)).
 6. Severe physical injuries Invalid (already factored into scoresheet).
 (victim 1):
 7. Permanent pain (victim 1): Invalid (no evidence in record on appeal).
 8. Semi-invalid left helpless Valid (goes to vulnerability of victim in
 15 hours (victim 2): circumstance surrounding crime of which
 convicted, and not inherent. See Hadley).
 9. Severe physical injuries Invalid (already factored into scoresheet).
 (victim 2):
 10. Psychological trauma Invalid (element of burglary with assault).
 (victim 1):
 11. Psychological trauma Invalid (element of burglary with assault).
 (victim 2):
 12. Fled jurisdiction to avoid Invalid (inherent in most criminal conduct.
 prosecution: See Pendleton v. State, 493 So.2d 1111,
 1113 (Fla. 1st DCA 1986)).

The trial judge departed from the presumptive sentence for reasons that are both valid and invalid. We are not satisfied that the trial judge would have departed on the basis of the valid reasons alone. Albritton v. State, 476 So.2d 158 (Fla. 1985). Accordingly, appellant's sentence is vacated and the cause remanded for resentencing within the recommended guidelines range unless the trial court enters valid written reasons for departure.
Appellant's third point is that the trial court's departure from the recommended guidelines sentence was excessive. We cannot reach the merits of this point. The legislature has recently enacted a law mandating that the extent of departure from a guidelines sentence is no longer subject to appellate review. Ch. 86-273, § 1, Laws of Fla. (1986). Therefore, we could not have reviewed the extent of departure even if we had found the departure to be valid.
Appellant's convictions and adjudications of guilt are affirmed. However, the sentence is reversed and vacated and the cause is remanded for resentencing consistent with this opinion.
Affirmed in part, reversed in part and remanded with instructions.
SCHEB, A.C.J. and SCHOONOVER, J., concur.