506 So.2d 1117 (1987)
Johnny Lee FRYSON, Appellant,
v.
STATE of Florida, Appellee.
No. BO-43.
District Court of Appeal of Florida, First District.
May 6, 1987.
*1118 Michael E. Allen, Public Defender; and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen.; and Gary L. Printy, Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
Three points are raised on this appeal in which appellant challenges the trial court's departure from the recommended guidelines sentence and imposition of three life sentences. We affirm.
Appellant was charged by indictment with first degree murder, two counts of attempted first degree murder, and one count of armed burglary of a dwelling, all counts alleging the use of a shotgun. Appellant entered pleas of nolo contendere in exchange for a life sentence for the first degree murder count. As to the remaining counts, the sentence recommended by the guidelines was twenty-two to twenty-seven years' incarceration. However, the trial court departed from that recommendation and imposed life sentences for both counts of attempted first degree murder to run consecutive to the life sentence for the first degree murder, and a concurrent life sentence for the armed burglary count. In his *1119 "Statement of Reasons for Departure Above Presumptive Sentence," the trial court set forth the following:
This Cause having come before this Court pursuant to a Sentencing Hearing in which this Court heard testimony and argument of counsel and after this Court had adjudicated the defendant Johnny Lee Fryson guilty of First Degree Murder, two counts of Attempted First Degree Murder, and Armed Burglary as charged in the Indictment, this Court finds that the following facts have been proven to this Court's satisfaction beyond and to the exclusion of every reasonable doubt:
1. That the defendant planned, prepared, and carried out the murder of Shelley Glover. This was evidenced by the defendant acquiring a shotgun, hiding it, then later retrieving the shotgun and going to the residence of Shelley Glover. The defendant then pushed the shotgun barrel through a window in a room used by the victims as a dwelling thus extending his body into the "castle" of the victims and fired a shot into the back of the head of Shelley Glover, almost blowing his head off. The victim's wife and son were present in the same room with the victim at the time of the shooting.
2. That the victim's wife and 11 year old son fled the scene. The defendant then fired one shot at the victim's wife, striking both her and the victim's son. The evidence reflects an intent, even though planned for an instant, to murder both the victim's wife and son by pumping a second shell into the shotgun and firing at the fleeing victims.
The intent to kill the victim's wife is also transferred to the son. For some reason both survived, the son being severely injured.
The above facts have been proven beyond a reasonable doubt, this Court finds that the following constitute clear and convincing reasons to depart from the presumptive sentence:
1. Count 1 of the Indictment charged the defendant with the Felony of First Degree Murder. The defendant has been adjudicated guilty of that offense. The Felony constitutes clear and convincing reason for departure in Counts 2, 3 and 4.
2. The offenses for which the defendant was convicted were committed in a cold, calculated, and premeditated manner without pretense of moral or legal justification as evidenced by the finding of facts as outlined above.
3. The offense of First Degree Murder was carried out with particular cruelty in that the offense was committed in the presence of the victim's wife and son.
4. The defendant fired the second shot after he had accomplished his initial purpose, striking the wife and son as they fled evincing a flagrant disregard for the safety of others.
5. The defendant committed the offenses by using a shotgun firearm.
6. A guideline sentence is not commensurate with the defendant's crimes.
This Court further finds that any one of the enumerated reasons for departure constitutes a clear and convincing reason for departure from the presumptive sentence and compels this court to impose the maximum penalty provided by section 775, Florida Statutes, as to each count of the Indictment.
In Point I, appellant maintains that the trial court erred in departing from the recommended guidelines range, in that his reasons given therefor, except for the first reason, are improper. We agree that the first reason is valid on the authority of Smith v. State, 454 So.2d 90 (Fla. 2d DCA 1984). We would also hold that reason number three is valid on the basis that the record supports a finding of emotional trauma inflicted on both the mother and the son "arising from extraordinary circumstances which are clearly not inherent in the offense charged." Cf. Casteel v. State, 498 So.2d 1249, 1253 (Fla. 1986); and Lawson v. State, 498 So.2d 541, 542 (Fla. 1st DCA 1986). In fact, as was true in Casteel, the mere fact that the boy witnessed the brutal slaying of his father and the shooting of his mother would constitute *1120 a clear and convincing reason for departure. See Fla.R.Crim.P. 3.701(b)(3).
However, we agree with appellant that the remaining reasons are invalid. Reason number two is invalid on the authority of McGouirk v. State, 493 So.2d 1016 (Fla. 1986), and Scurry v. State, 489 So.2d 25 (Fla. 1986). The supreme court in Fleming v. State, 374 So.2d 954 (Fla. 1979), specifically held that "the offense of attempted first degree murder requires a premeditated design to effect death." Id. at 956. Thus, since premeditation is an essential element of the primary offense of attempted first degree murder, reason number two, predicated on premeditation, is invalid. McGouirk. That portion of the reason concerning lack of moral or legal justification is invalid under Scurry.
Reason number four is invalid on the basis of Hendrix v. State, 475 So.2d 1218 (Fla. 1985), since appellant was charged with attempted second degree murder of the wife and son, and the reason, which is premised on the firing of the second shot, considers a factor already scored.
Reason number five is invalid under Scurry, wherein it was held that the use of a rifle is not a clear and convincing reason to depart as "[a]ny other weapon, including bare hands, could be just as easily listed and justify guidelines departure in all cases of victim injury." 489 So.2d at 29.
Finally, reason number six is invalid. It is improper to depart based on the trial court's perception that the recommended sentence under the guidelines is not commensurate with the seriousness of the crime, since this would undermine the guidelines' goal of establishing uniformity in sentencing. Williams v. State, 492 So.2d 1308 (Fla. 1986); State v. Baker, 498 So.2d 1031 (Fla. 1st DCA 1986).
Since only two of the six reasons are arguably valid, ordinarily under Albritton v. State, 476 So.2d 158 (Fla. 1985), we would have probably reversed and remanded for resentencing. However, the trial court indicated essentially that it would have departed on the basis of any one of the reasons. "With this unequivocal statement in the record, we find that the trial judge would have departed on the basis of the last reason alone, thus satisfying the reasonable doubt standard of Albritton v. State." Reichman v. State, 497 So.2d 293, 294 (Fla. 1st DCA 1986). See also Griffis v. State, 497 So.2d 296 (Fla. 1st DCA 1986). However, since the trial courts are obviously continuing to include similar standard language as that in the instant case in departure sentences, we again certify the following question to be one of great public importance:
DOES A TRIAL COURT'S STATEMENT, MADE AT THE TIME OF DEPARTURE FROM THE SENTENCING GUIDELINES, THAT IT WOULD DEPART FOR ANY ONE OF THE REASONS GIVEN, REGARDLESS OF WHETHER BOTH VALID AND INVALID REASONS ARE FOUND ON REVIEW, SATISFY THE STANDARDS SET FORTH IN ALBRITTON V. STATE?

Turning to Point II, appellant maintains that the three consecutive life sentences are excessive in light of the recommended guidelines range of twenty-two to twenty-seven years. Appellant argues that since his crimes were committed, and he was sentenced, prior to the effective date of the amendment to section 921.001(5) by Ch. 86-273, s. 1, Laws of Florida, which prohibits appellate review of the extent of departure, the application of that statute would result in its being a prohibited ex post facto law. Appellant characterizes the instant amendment as one to a statute which had previously granted a substantive right to appeal a guidelines departure. Thus, citing to Albritton, appellant claims that this Court has the obligation to review the extent of the departure.
The State, on the other hand, points out that appellant did not argue this point below on the basis of the ex post facto claim, and thus, the issue may not be presented for the first time on appeal. Slaughter v. State, 493 So.2d 1109 (Fla. 1st DCA 1986). Accordingly, by virtue *1121 of section 921.001(5), Florida Statutes (Supp. 1986), this Court is precluded from reviewing the extent of the trial court's departure from the recommended guidelines range. See Williams v. State, 500 So.2d 501, n. 2 (Fla. 1986); Traver v. State, 502 So.2d 1009 (Fla. 2d DCA 1987).
Appellant's final point challenges the imposition of two consecutive and one concurrent life sentences, without parole and without gain time, to run consecutive to the life sentence for the first degree murder, on the basis that it constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution, and article I, section 17, of the Florida Constitution. Appellant relies on the U.S. Supreme Court's decision in Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). He points out that although he may receive gain time on a guidelines sentence, section 944.275(2)(a) authorizes gain time only for a prisoner whose sentence is for a term of years, which excludes life sentences. Further, although the Secretary of the Department of Corrections may recommend clemency for life prisoners, such recommendation is at the Secretary's sole discretion. Thus, appellant argues that under such circumstances, he has received a mandatory life sentence with no hope of parole or gain time, constituting cruel and unusual punishment under Solem. We disagree.
As we held in Bloodworth v. State, 504 So.2d 495 (Fla. 1st DCA 1987), Solem v. Helm is "a proportionality case." The Court in Solem held that a life sentence without parole for uttering a $100 bad check under a South Dakota recidivism statute based on six prior nonviolent convictions violates the Eighth Amendment. We noted in Bloodworth that it is "apparent from a reading of the Solem opinion that the all-important factor which led the majority to find an Eighth Amendment violation was the fact that the offense for which the defendant was convicted, burglary, was characterized by the Court as a `nonviolent felony.'" 504 So.2d at 498; see also Seritt v. Alabama, 731 F.2d 728 (11th Cir.1984). In contrast, the offenses committed by appellant in the instant case, murder and attempted murder, in a combination with burglary, constitute the most violent and barbaric offenses known to our jurisprudence. Although in Bloodworth, the sentencing guidelines recommended a life sentence, we do not consider the fact that appellant's life sentence was derived from a departure from the guidelines makes the sentence any more cruel and unusual. Appellant's sentences are without doubt commensurate with the seriousness of the offenses committed by him. Seritt; and cf. Mincey v. State, 460 So.2d 396 (Fla. 1st DCA 1984).
Accordingly, based on the foregoing, we affirm.
MILLS and ERVIN, JJ., concur.