509 So.2d 1137 (1987)
Donald Lee BRADLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2664.
District Court of Appeal of Florida, Second District.
June 10, 1987.
Rehearing Denied July 21, 1987.
James Marion Moorman, Public Defender, and John T. Kilcrease, Jr., Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James A. Young, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Judge.
The appellant, Donald E. Bradley, the beneficiary of a delayed appeal permitted by State v. Meyer, 430 So.2d 440 (Fla. 1983), challenges his conviction and sentence for burglary. We find no reason to disturb *1138 Bradley's conviction; it is affirmed. He correctly disputes, however, the trial court's written reasons for its upward departure from the guidelines presumptive range.
The departure document prepared by the trial court chronicles Bradley's life style and criminal history. We have extracted from it the reasons and events the trial court found sufficient to justify the enhancement of Bradley's sentence. Although the trial court stated its intention to depart irrespective of whether all of the reasons are appropriate, we do not pass upon the effect of that declaration in light of our determination that none of the grounds will sustain departure.[1]
Thus, Bradley's purpose to rape a young girl while she was asleep in her home, aborted by her cries for assistance, violated section 777.04, Florida Statutes (1984). To ground departure upon the attempted sexual battery must fail  Bradley was neither charged with nor convicted of that offense. State v. Tyner, 506 So.2d 405 (Fla. 1987). The trial court's belief, no matter how well-founded, that Bradley is an "irretrievable criminal" incapable of rehabilitation is no less infirm under presently settled standards. Washington v. State, 501 So.2d 133 (Fla. 2d DCA 1987). The similarity of Bradley's present criminal behavior with his past convictions will not withstand Aleman v. State, 498 So.2d 967 (Fla. 2d DCA 1986). Here, unlike the circumstances warranting departure in State v. Pentaude, 500 So.2d 526 (Fla. 1987), the record does not reflect Bradley's violation of probation but only the currency of a "parole" violation proceeding; that fact will not, however, support departure. Pedrero v. State, 499 So.2d 26 (Fla. 2d DCA 1986). The trial court's reliance upon statements contained in a PSI report indicating that Bradley had been sentenced to ten years in state prison runs afoul of Hendrix v. State, 475 So.2d 1218 (Fla. 1985). The trial court's findings that Bradley's "personal life is distressing," and he "has never had significant employment" are, as we said in McNealy v. State, 502 So.2d 54 (Fla. 2d DCA 1987), impermissible reasons for exceeding the recommended range. The fact that he has fathered two illegitimate children is patently an improper reason for enhancing his sentence. Even though the trial court determined that Bradley "continues to smoke marijuana", an unlawful act, that conduct will not support departure in the light of Tyner. See Hall v. State, 503 So.2d 1370 (Fla. 4th DCA 1987); Trainor v. State, 468 So.2d 484 (Fla. 2d DCA 1985).
Bradley's "extensive juvenile record" used in departing from the guidelines reveals that the "juvenile" offenses, committed when he was a juvenile, were treated as adult dispositions and were scored as part of his prior record. A juvenile record can constitute a clear and convincing reason for departure. Williams v. State, 504 So.2d 392 (Fla. 1987); Weems v. State, 469 So.2d 128 (Fla. 1985). In the instant matter, however, the trial court was precluded from using the juvenile offenses as a basis for departure; they were factored into the scoresheet as felony convictions in arriving at Bradley's presumptive range. Hendrix; Cf. Williams.
Accordingly, we affirm Bradley's conviction but find no clear and convincing reasons for the trial court's departure; we vacate the sentence and remand for resentencing within the guidelines.
RYDER, A.C.J., and THREADGILL, J., concur.
NOTES
[1] The inclusion of such statement in the departure order is intended to overcome a remand stemming from the application of Albritton v. State, 476 So.2d 158 (Fla. 1985); see Fryson v. State, 506 So.2d 1117 (Fla. 1st DCA 1987); Griffis v. State, 497 So.2d 296 (Fla. 1st DCA 1986); Reichman v. State, 497 So.2d 293 (Fla. 1st DCA 1986); Kigar v. State, 495 So.2d 273 (Fla. 5th DCA 1986).