512 So.2d 289 (1987)
James Lamar GUZIE, Appellant,
v.
STATE of Florida, Appellee.
No. BO-112.
District Court of Appeal of Florida, First District.
September 9, 1987.
Michael E. Allen, Public Defender, and Kathleen Stover, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Norma J. Mungenast, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
This cause is before us on appeal from a judgment and sentence wherein appellant *290 was adjudicated guilty of burglary and sentenced, outside the guidelines, to ten years of prison. The recommended guideline sentence was four and a half to five and a half years of prison.
The issue presented is whether the trial court's reasons for departing are clear and convincing. Although we are inclined to agree with the trial court, we are compelled by case law to reverse and remand for resentencing within the guidelines.
The trial court gave four reasons for departure. Reasons one and two are invalid because they are based upon appellant's prior record. See Hendrix v. State, 475 So.2d 1218 (Fla. 1985). Reason three, the age and vulnerability of the victim, is an inappropriate reason under the circumstances present in this case because there was no showing that the victim here was any more vulnerable than a person who may be younger and/or stronger. Compare Von Carter v. State, 468 So.2d 276 (Fla. 1st DCA 1985), after remand, 482 So.2d 533 (Fla. 1st DCA 1986) (an elderly victim was robbed at knife point in her home), and Hadley v. State, 488 So.2d 162 (Fla. 1st DCA 1986) (an elderly victim was violently assaulted). Finally, reason four, presence of the victim in the dwelling at the time of the burglary, is invalid because the victim entered her home after she saw the appellant enter. Compare Brooks v. State, 487 So.2d 68 (Fla. 1st DCA 1986) (the defendant entered the dwellings when the residents were present).
Based on the foregoing, we are compelled to reverse and remand for resentencing within the recommended guidelines.
SMITH, C.J., and ERVIN, J., concur.
BOOTH, J., dissents.