ORFINGER, Judge,
dissenting.
I reluctantly dissent because I am convinced that Albritton v. State, 476 So.2d 158 (Fla.1985), relied on by the majority for affirmance, as that case has been most *1108 recently construed by the supreme court, requires reversal instead.
In this case, defendant’s estranged wife and four-year-old son were living m an apartment with the wife’s sister. While they were absent from the apartment, the defendant apparently broke in and concealed himself in a closet in the wife’s bedroom. When she returned, he jumped out of the closet, locked the door, threw her on the bed and began to cut her with a knife. When she screamed for help, the defendant left, threatening to return and kill her if she didn’t die. Her wounds required some 300 stitches to close, and she was left with permanent scars on her arm, wrist, hand, neck and back.
Charged with attempted first degree murder and burglary of a dwelling with battery, the jury convicted defendant of attempted second degree murder and burglary of a dwelling as charged. The trial judge gave as reasons for departure: (1) that the “crime was committed with severe victim injury” and (2) that the defendant’s actions toward the victim established an escalating pattern of criminal conduct. The record supports the “escalating pattern” ground, which is a valid basis for departure. Williams v. State, 504 So.2d 392 (Fla.1987); Keys v. State, 500 So.2d 134 (Fla.1986). The other ground for departure, severe victim injury, was a factor already scored in computing the guidelines sentence, and thus could not be used again to justify departure. Hendrix v. State, 475 So.2d 1218 (Fla.1985).
Both at the sentencing hearing and in the written departure order, the trial judge stated that “either of the above reasons, standing alone and without regard to the other provided [sic] a clear and convincing reason beyond a reasonable doubt to depart from the sentencing guidelines.” The written order was prepared for this case — it was not a boiler-plate form. Just as was the case in Kigar v. State, 495 So.2d 273 (Fla. 5th DCA 1986), the trial court made it clear in the sentencing dialogue and in the written order that he believed a departure sentence was necessary and justified. We held in Kigar, that where the trial judge expressed his intention clearly and in a manner obviously tailored to the specific case before him, that he would have departed from the guidelines sentence for any valid reason, even if some reasons given were invalid, the record revealed beyond a reasonable doubt that the trial judge meant just that, and there was no purpose to be served in sending the case back “and asking the trial judge, in effect, to tell us if he really meant what he said.” Kigar was cited with approval by the First District in Reichman v. State, 497 So.2d 293 (Fla. 1st DCA 1986) and in Griffis v. State, 497 So.2d 296 (Fla. 1st DCA 1986).
The Florida supreme court recently disapproved Griffis, holding that a statement by the trial court in the departure order that it would depart for any of the reasons given, is not, by itself enough to satisfy the burden imposed on the State by Albritton to show beyond a reasonable doubt that the same sentence would be imposed absent the invalid reason. Griffis v. State, 509 So.2d 1104 (Fla.1987). The supreme court has recently reversed Reichman also, for the same reason. Reichman v. State, 511 So.2d 995 (Fla.1987). Although neither opinion refers to it, I must assume that Kigar has been overruled as well because it stands for the same principle. If the statement of the trial judge, made both at sentencing and in his written order that he would depart from the recommended guidelines sentence for any of the reasons given is not sufficient to demonstrate that the same sentence would have been imposed absent the invalid reason or reasons, I am at a loss to understand how the State can ever satisfy the Albritton burden. I therefore have no choice but to conclude, albeit reluctantly, that the sentence must be vacated and remanded for resentencing.