PER CURIAM.
This cause is before us on appeal from a judgment and sentences after a jury trial in which the trial judge denied appellant’s amended motion for a new trial and sentenced appellant to consecutive terms of 25 years each for robbery and burglary of a dwelling. The recommended guidelines sentence was five and one-half to seven years. We affirm the convictions but reverse the sentences and remand for resen-tencing.
The trial judge denied appellant a new trial based on newly discovered evidence. The record shows that the trial judge did not believe the alleged new evidence would “probably” have changed the verdict as required by Rule 3.600(a)(3), Florida Rules of Criminal Procedure. We find no abuse of discretion in the trial court’s ruling. Jent v. State, 408 So.2d 1024, 1031 (Fla.1981), cert. denied, 457 U.S. 1111, 102 S.Ct. 2916, 73 L.Ed.2d 1322 (1982). Therefore, the judgment is affirmed.
The trial court gave three written reasons for departure from the guidelines sentence, only one of which is not clear and convincing. The State concedes that appellant’s habitual offender status is not a valid reason for departure. Whitehead v. State, 498 So.2d 863 (Fla.1986). Furthermore, the State agrees that the trial judge placed great weight on the finding of habitual offender in imposing the sentence outside the guidelines and did not state that he would depart from the guidelines for any one of the reasons given. Therefore, the sentences are reversed, and the case is remanded for resentencing. Albritton v. State, 476 So.2d 158 (Fla.1985). The trial judge may, after reweighing the two valid departure factors, sentence appellant within the recommended range or, if he so chooses, again impose a sentence outside the guidelines.
Affirmed in part, reversed in part, and remanded for resentencing.
BOOTH, THOMPSON and WIGGINTON, JJ., concur.