537 So.2d 107 (1989)
STATE of Florida, Petitioner,
v.
Patrick McGRIFF, Respondent.
No. 71718.
Supreme Court of Florida.
January 19, 1989.
*108 Robert A. Butterworth, Atty. Gen. and Ivy R. Ginsberg, Asst. Atty. Gen., Miami, for petitioner.
Bennet H. Brummer, Public Defender and Robert Kalter, Asst. Public Defender, Miami, for respondent.
KOGAN, Justice.
We have for review McGriff v. State, 528 So.2d 396, 398 (Fla. 3d DCA 1988), in which the Third District Court of Appeal certified the following question of great public importance:
Whether that portion of chapter 87-110, Laws of Florida, which amends section 921.001(5), Florida Statutes, is applicable to appellate review of sentences imposed for offenses which were committed prior to July 1, 1987.
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. For the reasons which follow, we answer the certified question in the negative and approve the decision of the third district court.
Chapter 87-110 was enacted during the 1987 regular legislative session in response to the decision of this Court in Albritton v. State, 476 So.2d 158 (Fla. 1985). In Albritton, we held that when reviewing a departure sentence based on both valid and invalid reasons for departure, an appellate court must remand the case for resentencing unless it believes, beyond a reasonable doubt, that the defendant would have received the same sentence, absent the invalid reasons.
In 1987, the legislature passed chapter 87-110 providing:
When multiple reasons exist to support a departure from a guidelines sentence, the departure shall be upheld when at least one circumstance or factor justifies the departure regardless of the presence of other circumstances or factors found not to justify departure.
Thus, upon the effective date of the amendment, appellate courts may not remand departure sentences based on both valid and invalid reasons. The reviewing court may remand a case for resentencing only if it finds no valid reasons for the departure sentence.
We are faced with the question of whether application of chapter 87-110 to this case would violate the ex post facto clauses of the Florida and United States Constitutions. We have a two-pronged test to determine whether application of a statute violates the ex post facto clauses: "[I]t must apply to events occurring before its enactment [retrospective], and it must disadvantage the offender affected by it." Weaver v. Graham, 450 U.S. 24, 29, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981) (footnote omitted). Here, the state concedes that if the statute is applied to McGriff's offense, then it would be retrospectively applied, since McGriff's crimes occurred in 1983.
We must now determine whether McGriff is disadvantaged by application of chapter 87-110. The state contends that *109 the amendment is merely procedural, intended only to "streamline" the criminal sentencing and postconviction process. It argues that Florida Rule of Criminal Procedure 3.800 provides defendants with an adequate means of attacking a sentence based on valid and invalid reasons for departure. We disagree. On remand following appellate review of a departure sentence based on both valid and invalid reasons for departure, a defendant is entitled to a new and full sentencing hearing. Rule 3.800 does not require any hearing to be conducted. Moreover, the original sentence is presumed correct under rule 3.800, shifting the burden of proving that the sentence was improper to the defendant. Upon resentencing, there are no such presumptions for a defendant to overcome. Thus, while rule 3.800 may be an adequate means of attacking a sentence, it places defendants in a worse position than they were before passage of chapter 87-110.
It is clear that retrospective application of chapter 87-110 violates the ex post facto clauses of the Florida and United States Constitutions. Accordingly, we answer the certified question in the negative and approve the decision of the Third District Court of Appeal.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT and GRIMES, JJ., concur.