LEVY, Judge.
The Defendant appeals the trial court’s order imposing a sentence which departed upward from the sentencing guidelines, claiming that the court erred in basing the departure on the reasons of familial authority and the need for treatment.
The Defendant was married to the victim’s grandmother, and was the victim’s step-grandfather. According to the victim/step-granddaughter’s testimony, the Defendant sexually abused her in 1985, when he was taking care of her while her mother and grandmother were away.
The Defendant was charged by information with sexual battery and lewd assault on a child. He was found guilty on the lewd assault charge and sentenced to five years incarceration followed by ten years probation. The sentencing guidelines scoresheet indicated a presumptive sentence of community control, or twelve to thirty months incarceration. The court stated that it based its upward departure from the sentencing guidelines upon the fact that “the defendant committed this crime as one who has familiar (sic) authority over the child, victim,” and because “the defendant requires treatment as a mentally disordered sex-offender for an extended period of time.”
We find that the trial court’s first basis for departure on the ground that there was a familial relationship between the Defendant and the victim, does constitute a clear and convincing reason to support the enhanced sentence. See Gopaul v. State, 536 So.2d 296 (Fla. 3d DCA 1988) and cases cited therein. As this court stated in Gopaul, 536 So.2d at 298: “Where a court determines that a defendant stood in a position of familial authority to a victim and by virtue of that relationship a special trust existed between the defendant and the victim which the defendant abused, there exists a valid reason for departure.” Here the Defendant was the step-grandfather of the victim and did occupy a special position of trust. His abuse of that special trust constitutes a valid reason for the upward departure from the sentencing guidelines.
However, the trial court’s second basis for departure — the perceived need for mental treatment — is not a clear and convincing reason for departure. Laberge v. State, 508 So.2d 416 (Fla. 5th DCA 1987). See also Degroat v. State, 489 So.2d 1163 (Fla. 5th DCA 1986) (need for drug and alcohol treatment is insufficient basis for departure sentence), review denied, 496 So. 2d 142 (Fla.1986); Vance v. State, 475 So. 2d 1362 (Fla. 5th DCA 1985) (defendant’s drug problem and need for treatment is insufficient to support departure sentence). There is no correlation between an extended term of imprisonment and the need for mental treatment, Young v. State, 455 So.2d 551 (Fla. 1st DCA 1984), approved, 476 So.2d 161 (Fla.1986).
The question of whether a particular defendant is a suitable candidate to enter the program for mentally disordered sex offenders can only be answered after the defendant has been screened by the persons who have the facilities and expertise to examine and evaluate the defendant for that purpose. Accordingly, a sentencing judge who recommends that a defendant be treated as a mentally disordered sex offender would have no way of knowing, at the time of sentencing, whether a particular defendant will actually enter and complete the program. As a consequence of *1047 this lack of certainty, it would be impossible for a sentencing judge to correctly tailor the length of a defendant’s sentence to allow for the completion of a treatment program that the defendant, in actuality, may never enter or complete.
Viewing this problem within the context of the issues presented by this appeal, it is clear that a sentencing court would be unable to determine whether treatment, as a mentally disordered sex offender, can be accomplished within the recommended guideline sentence or whether there needs to be a departure from the guideline sentence for the specific purpose of allowing the defendant to complete the treatment program.
Accordingly, we affirm the upward departure based on familial authority and reverse the upward departure based on the perceived need for mental treatment. Because the departure sentence is based on both a valid and an invalid reason, the sentence is reversed so as to permit a re-sentencing. Albritton v. State, 476 So.2d 158 (Fla.1985).[1] Noting that there has been a change in judges from the judge who presided over the trial, we remand this case to the trial court for a de novo resen-tencing hearing.
Affirmed in part, reversed in part, and remanded for a resentencing hearing.

. The offense here was committed prior to the effective date of Section 921.001(5), Florida Statutes (1987), which supersedes the Albritton case. Because Section 921.001(5) is not retrospective, State v. McGriff, 537 So.2d 107 (Fla.1989), Albritton applies.