Hadtke, Respondent, vs. Grzyll, Appellant.

*December 4, 1906—January 8, 1907.*

*Animals running at large: Personal injuries: Verdict: Perversity: Excessive damages: Statutes: Injuries by animals: Evidence of similar facts: Negligence: Constitutional law: Police power.*

1. In an action for personal injuries inflicted on plaintiff by defendant's bull after its escape from defendant's premises onto the adjoining premises of plaintiff, a verdict of $800 for plaintiff is *held* supported by the evidence, and is neither perverse nor excessive in amount.

2. In such case evidence that the bull had broken through the fence into plaintiff's premises on three previous occasions during the same summer is admissible as tending to show that the defendant "suffered" the bull to be at large.

3. Sec. 1482, Stats. 1898, as amended by ch. 14, Laws of 1903 (providing that certain male animals, including bulls over six months old, shall not run at large, and that if the owner or keeper shall, for any reason, suffer any such animal so to do he shall be liable to a forfeiture, and be liable in addition for all damages done by such animal while so at large, *although he escapes without the fault of such owner or keeper*), does not impose an absolute liability upon the owner of the animal.

4. Sec. 1482, Stats. 1898, as amended by ch. 14, Laws of 1903, differentiates between "the running at large" and "the escape." It is the escape alone which is inexcusable by showing diligence, not the running at large.

5. Sec. 1482, Stats. 1898, as amended by ch. 14, Laws of 1903, does not impose liabilities upon the owner of the animal which are so unreasonable and extreme as to be beyond the limits of police power.

APPEAL from a judgment of the circuit court for Waupaca county: CHAS. M. WEBB, Circuit Judge. *Affirmed.*

For the appellant the cause was submitted on the brief of *John C. Hart* and *Park & Carpenter.*

For the respondent there was a brief by *H. J. Severson,* attorney, and *McFarland & Murat,* of counsel, and oral argument by *C. D. McFarland.*

WINSLOW, J. This is an action for personal injuries. The plaintiff is a married woman living with her husband and family on a farm adjoining a pasture owned by defendant in which was kept a three-year-old dehorned bull. It is undisputed that the bull escaped through the fence onto the premises of the plaintiff's husband September 9, 1904, and remained there for several hours. The plaintiff claims that the bull knocked or bunted her down several times while it was so upon her premises, inflicting serious injuries, but this was denied by the defendant. The trial resulted in a verdict for the plaintiff, followed by judgment for $800 damages and costs, and the defendant appeals.

The appellant contends that the verdict is not only unsupported by the evidence, but is perverse, and that the damages.

are excessive; but a careful examination of the evidence presented in the bill of exceptions satisfies us that neither of these contentions can be sustained.

There were no exceptions to the charge of the court and but one ruling upon evidence is assigned as error. The plaintiff was allowed to prove against objection and exception that the bull had broken through the fence into the plaintiff's premises on three previous occasions during the same summer. This proof was received upon the theory that it tended to prove that the defendant "suffered" the bull to be at large under the principle laid down in the case of *Decker v. McSorley,* 111 Wis. 91, 86 N. W. 554. The appellant claims, however, that the action was brought under sec. 1482, Stats. 1898, as amended by ch. 14, Laws of 1903, and that under that section (if valid) it is immaterial whether the defendant suffered the animal to run at large. This section provides that certain male animals, including bulls over six months old, shall not run at large, and then proceeds as follows:

"And if the owner or keeper shall, for any reason, suffer any such animal so to do he shall forfeit five dollars to the person taking it up, and be liable in addition for all damages done by such animal while so at large, *although he escapes without the fault of such owner or keeper.*"

A further clause provides that the construction of any fence such as is enumerated in sec. 1390, Stats. 1898, shall not relieve such owner or keeper from liability for damage done on the inclosed premises of an adjoining owner. That part of the section beginning with the words *"although he escapes"* was added by the amendment of 1903, and the claim is that the section as it now stands makes the owner absolutely liable for all damages done by the animal while at large whether the owner be at fault or not, and the further contention is then made that the act imposes unreasonable liability beyond the limits of the police power and hence is void.

We are unable to agree with the contention that the act as

amended imposes an absolute liability. Prior to the amendment of 1903 it certainly did not do so. It was held by this court in *Montgomery v. Breed,* 34 Wis. 649, that a substantially similar statute did not apply to a case where the escape was without the owner's fault or negligence *and* every reasonable effort was made to recapture the animal after its escape was discovered. The amendment is directed to the question of the negligent escape alone, and not to the question of the negligent suffering of the animal to remain at large after its escape is known. The act now imposes liability upon the owner who "suffers" his animal to run at large even though the original escape was without fault. Diligence to prevent escape is no longer a defense or an element of defense, but diligence to recapture the animal after its escape is discovered, or should be discovered in the exercise of ordinary care, remains a defense. The act is penal in its nature. At best it imposes heavy liabilities and burdens upon the keepers of animals absolutely necessary to be kept by some one. It should have no unreasonable or strained construction. Its language, when carefully read, does not compel a construction imposing absolute liability. It differentiates between "the running at large" and "the escape." It is the escape alone which is inexcusable by showing diligence, not the running at large. Under this view of the statute we cannot say that it imposes liabilities on the owner which are so unreasonable and extreme as to be beyond the limits of police power. This view also justifies the reception of the evidence objected to.

*By the Court.*—Judgment affirmed.