REUTER, Respondent, vs. SWARTHOUT, Appellant.

*December 13, 1923—January 15, 1924.*

*Animals: Proscribed animals running at large: Absolute liability: Who liable for damages for trespass: Owner or possessor of animal.*

1. The amendment of sec. 1482, Stats. (sec. 1, ch. 14, Laws 1903), which provides that the owner or keeper of a proscribed animal shall be liable for damages for suffering it to run at large, irrespective of the construction of the fence enumerated in sec. 1390, was clearly to eliminate the limitation imposed

in sec. 1391; and hence, in order to recover for a trespass by the proscribed animal, it is necessary only to show that the animal was running at large and entered on plaintiff's premises to his damage. p. 455.

2. Said sec. 1482 as amended does not apply to one not in control of the animal; and hence where the tenant of the defendant had exclusive possession of a bull owned by the defendant, the tenant, who allowed the animal to run at large, was the "keeper," and the defendant was not liable for damages caused by the animal. p. 456.

Appeal from a judgment of the circuit court for La Crosse county: E. C. Higbee, Circuit Judge. *Reversed.*

An action by the plaintiff below for damages done to his heifers by the defendant's Holstein bull. It appeared that the plaintiff was the owner of a farm adjoining the farm of the defendant. The two farms were separated by a fence. The defendant has leased his farm on shares to a renter, and included in the lease were certain cattle, including the bull before mentioned. The bull was allowed to run at large by the renter, to the knowledge of the defendant, in the field adjoining the plaintiff's field, where his heifers were in pasture. The bull escaped into the field of the plaintiff and occasioned the damage for which the plaintiff had judgment in the sum of $200. From this judgment the defendant appealed. The appellant here claims the court below erred in holding as a matter of law that he suffered the bull to run at large; that it erred in not submitting to the jury the question as to whether the defendant allowed or suffered the bull mentioned in the complaint to run at large; and it erred in refusing the offer of the defendant to prove that the fence between the plaintiff's land and the defendant's land, through which the bull escaped from the defendant's premises onto the premises of the plaintiff, was not a legal line fence.

Sec. 1482, Stats., reads as follows:

"No stallion over one year old, nor bull over six months old, nor boar nor ram, nor billy goat over four months old

shall run at large; and if the owner or keeper shall, for any reason, suffer any such animal so to do he shall forfeit five dollars to the person taking it up and be liable in addition for all damages done by such animal while so at large, although he escapes without the fault of such owner or keeper; and the construction of any fence enumerated in section 1390 shall not relieve such owner or keeper from liability for any damage committed by an animal of the enumerated class upon the inclosed premises of an adjoining owner."

For the appellant there was a brief by *Winter, Morris, Esch & Holmes* of La Crosse, and oral argument by *Arthur T. Holmes.*

*John F. Doherty* of La Crosse, for the respondent.

CROWNHART, J.    In 1903 the legislature added to the statute as it theretofore existed the words "although he escapes without the fault of such owner or keeper; and the construction of any fence enumerated in section 1390 shall not relieve such owner or keeper from liability for any damage committed by an animal of the enumerated class upon the inclosed premises of an adjoining owner."   Prior to the amendment the court had expressed its doubts as to the statute fixing an absolute liability on the owner of the animals proscribed. *Montgomery v. Breed,* 34 Wis. 649.   After the amendment, however, this court held the owner of the proscribed animals to liability for damages occasioned by their running at large in violation of statute. *Hadtke v. Grzyll,* 130 Wis. 275, 110 N. W. 225.   At the time of the amendment in 1903, sec. 1391, referring to line fences, provided, among other things:

"And owners of lands who do not maintain and keep in repair lawful partition fences shall not be entitled to recover any damages whatever for trespasses by the animals of owners of any adjoining lands with whom partition fences might have been maintained if such lands had been inclosed."

The amendment of 1903 clearly was for the purpose of doing away with this limitation on the right to recover for

trespasses by animals described in sec. 1482, Stats. Hence, in order to recover it was necessary only to show that the proscribed animals were running at large and entered on the plaintiff's premises to his damage.

The appellant further seeks to escape liability by asserting that he was not the keeper of the bull and had no right to control him in any manner. He claims that the bull was in the absolute possession and custody of the renter, and that plaintiff had no jurisdiction over him. The statute says "the owner or keeper" shall be liable, and the court must construe this term in connection with the evidence in the case. It appears without contradiction that defendant had rented his place and stock, including the bull, to a renter who had exclusive possession and control of the same under his lease. Under these facts there can be no doubt but that the renter was the "keeper" of the bull. It will be noted that the statute fixes the liability on the owner *or* keeper who shall suffer the proscribed animal to run at large, and not upon the owner *and* keeper of the animal. "Suffer," as here used, means to permit or allow. The tenant permitted the bull to run at large. The owner did not do so, as he did not have control of the animal. On the contrary, the owner urged the tenant to comply with the law and restrain the bull. He had provided a proper place to keep him. The statute is highly penal and against the common law. The animals proscribed are necessary animals for farming purposes. The statute should not be extended beyond its reasonable scope to punish one who is not in control of the animal. *Adams v. Cumberland Inn Co.* 117 Tenn. 470, 101 S. W. 428; *Harrison v. McClellan,* 137 App. Div. 508, 121 N. Y. Supp. 822; 2 Cooley, Torts (3d ed.) p. 690.

*By the Court.*—The judgment is reversed, with directions to enter judgment for the defendant dismissing the complaint.