PER CURIAM.
The defendant, Curtis Damm, appeals from a final judgment of conviction and sentence entered against him in the Dade County Circuit Court.
Damm was informed against for sexual battery not likely to cause serious personal injury (Count I) and burglary (Count II). A plea hearing was held before Judge Stet-tin, who was informed by defense counsel that pursuant to an agreement with the State the defendant would plead guilty to both counts and would be so adjudicated, in exchange for which he would be adjudged a mentally disordered sex offender and thereupon committed for treatment under the mentally disordered sex offender program. It was agreed that in the event the defendant did not successfully complete the sex offender program, his maximum penalty would be no greater than fifteen years for the entire case (both counts). In this regard, the trial judge specifically explained to the defendant: “...lam telling you now you will and can be sentenced to jail for up to fifteen years less credit for all of the time you have served either in a hospital or a jail since the time of your arrest. Do you understand that?” The defendant responded: “Yes, sir.” On March 28,1979, the trial judge entered a written order adjudging the defendant guilty of both counts of the information and finding the defendant to be a mentally disordered sex offender, committing him to the Department of Health and Rehabilitative Services for treatment under Chapter 917 of the Florida Statutes (1977).
In December of 1980, based on the defendant’s failure to complete the sex offender program, a sentencing hearing was conducted before a different trial judge who sentenced the defendant to ten years’ imprisonment on Count I, with a consecutive twenty-year term of probation on Count II. The judge imposed this sentence without requiring a pre-trial investigation report. The consecutive twenty-year probationary sentence was imposed over defense counsel’s assertion that it fell outside of the plea agreement. This appeal by the defendant resulted.
*54 We remand the matter to the trial court to first determine if the instant convictions were the first felony convictions suffered by the defendant; if so, the sentences are hereby set aside and vacated. The trial court should order a pre-sentence report in accordance with Rule 3.710, Florida Rules of Criminal Procedure and thereafter resen-tence the defendant, as he may be so advised, but any such sentence or sentences should not exceed a total of fifteen years in the State correctional system pursuant to the plea bargain, less credit for time served. If the trial judge determines that the defendant has a previous felony conviction, the ten-year sentence is hereby affirmed. However, we modify the probation to a period of five years, and if the defendant should violate said probation the most time that he could be sentenced to upon such violation would be five years.
Returned to the trial court with instructions.