PER CURIAM.
The sentence under review is reversed and the cause is remanded to the trial court for re-sentencing before a different trial judge to be assigned according to the established administrative procedures of the Circuit Court for the Eleventh Judicial Circuit of Florida. The court below failed to comply with the terms of a plea agreement previously accepted by the court in this case; upon remand, the reassigned trial judge is directed to impose a sentence in accord with the terms of the original plea agreement.
The defendant Stanley Heath was charged by information with two counts of involuntary sexual battery involving minor children. He initially entered a plea of not guilty, but subsequently changed this plea and entered a plea of guilty pursuant to the terms of a plea agreement which was accepted by the court. Under the terms of this agreement, the defendant pled guilty as charged, was found to be a mentally disordered sex offender, and was committed to the Department of Health and Rehabilitative Services to participate in a custodial treatment program for sex offenders pursuant to Section 917.19, Florida Statutes (1977). It was agreed that upon completion of this program, the defendant would be returned to court whereupon the court would determine what sentence, if any, should be imposed on the defendant; that the court would take into consideration the defendant’s successful completion of the above-stated treatment program, if such was the case; that the trial court would maintain an “open mind” as to the sentencing decision, but that in no event would the defendant be sentenced to more than twenty (20) years’ imprisonment. The relevant portion of the plea agreement was stated on the record at the time of the entry of the guilty plea as follows:
“THE COURT: No, the Court is in no way indicating what sentence, if any, it would impose, but what the Court is saying is in [the] event that the Court finds a sentence should be imposed under your negotiations, a sentence, if it were imposed could not exceed a maximum of twenty years to cover both.
[DEFENSE COUNSEL]: I am stating this on the record; I believe we discussed it and I believe it is important to my client that he understand that his successful completion in the program would be taken into the consideration by the Court.
THE COURT: Absolutely.
At this time the Court is not making any determination whether a sentence should be imposed at that time or not or any facts which should be appropriate for the Court to consider after the defendant has completed the program.
In other words, the Court will rule with an open mind at that time.
[DEFENSE COUNSEL]: That is all we are asking, Your Honor.”
(Tr. 5-6)
The defendant Stanley Heath thereupon was committed to the custodial sex offender program where he stayed for approximately four years. Without dispute, he successfully completed this program and was recommended by the hospital staff for out-patient treatment. He was thereupon returned to the trial court for a determination of what sentence, if any, should be *590 imposed in the case. Due to the lapse of time, the original trial judge was no longer on the bench and a new trial judge was assigned to the case. This judge imposed a sentence of twenty (20) years’ imprisonment with credit for time served, treating the plea agreement, in effect, as a plea to twenty years’ imprisonment to be imposed upon successful completion of the sex offender program. The defendant Heath appeals the sentence on the basis that it was not imposed in accord with the plea agreement. We agree and reverse.
The trial judge at the sentencing hearing stated that she was treating the plea agreement as one “negotiated for a 20-year sentence and that prior to his beginning to serve the 20-year sentence in the State Prison, he was going to successfully complete the Mentally Disordered Sex Offender Program” (Tr. 20) although she later acknowledged that the twenty (20) years’ imprisonment was technically only “a cap” (Tr. 21); that she considered the sex offenses in question far too serious to impose anything less than twenty (20) years’ imprisonment; that it mattered not whether the defendant had successfully completed the sex offender program in view of the seriousness of these offenses; and that it was the defendant’s “hard luck” to draw her as a trial judge upon remand given her strong views on sex offenses involving minor children. Plainly, this trial judge was in no position to honor the plea agreement herein given her strong personal views concerning the crimes in question and, indeed, it is questionable whether she would have ever accepted the plea agreement, as negotiated, had she been the original trial judge in the case. It is therefore our view that she should have recused herself from the case as she could not conscientiously honor the terms of the plea agreement.
We in no way question the integrity or strong views of the trial judge in this matter and indeed find these views perfectly reasonable. We hold only that this judge, for conscientious reasons, was in no position to honor the plea agreement approved by another trial judge in this case. The case should therefore be reassigned upon remand to another trial judge who is able to honor the original plea agreement by (a) ruling with an open mind as to what sentence, if any, should be imposed in this case, taking into actual, not just pro for-ma, consideration the defendant’s successful completion of the sex offender program and all other relevant factors, and (b) imposing, in no event, a sentence in excess of twenty (20) years’ imprisonment. Damm v. State, 402 So.2d 52 (Fla. 3d DCA 1981); Overman v. State, 368 So.2d 434 (Fla. 3d DCA 1979).
Reversed and remanded.