512 So.2d 322 (1987)
Lawrence Manning SPIVEY, Appellant,
v.
The STATE of Florida, Appellee.
No. 86-1016.
District Court of Appeal of Florida, Third District.
September 15, 1987.
*323 Bennett H. Brummer, Public Defender, and Sharon L. Kleinfield, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Debora J. Turner, Asst. Atty. Gen., for appellee.
Before HUBBART, BASKIN and FERGUSON, JJ.
FERGUSON, Judge.
This case is before us a second time on appeal from a sentence. We reversed the sentence the first time because two of three grounds relied upon by the trial court for departing from the sentencing guidelines were invalid. Spivey v. State, 481 So.2d 100 (Fla. 3d DCA 1986). We held that the State failed to establish beyond a reasonable doubt that the court would have exceeded the twelve to thirty month imprisonment, a one cell upward departure, to impose a fifteen-year sentence based on the single valid reason shown in the record.
On remand the trial judge conducted an unscheduled hearing, without the defendant's attorney, and resentenced the defendant to fifteen years. That procedurally defective sentence was vacated. The hearing from which this appeal is brought was then conducted, and the defendant was again sentenced to fifteen years.
Again the stated reason for departing from the sentencing guidelines to impose a fifteen-year sentence, where a one cell upward departure would be twelve to fifteen months of incarceration, is that the defendant committed a new offense within a month of being placed on probation.[1] The State argues correctly that the extent of a departure is not reviewable so long as there is any valid reason for exceeding the guidelines. § 921.001(5), Fla. Stat. (Supp. 1986). But it is clear from the court's candid record statements that the wide departure from the sentencing guidelines was based on prejudicial factors extraneous to the case:
This is a man who has just been put on probation and had another offense. Sooner or later a word has to go out on the street to those who are willing to listen that the judiciary is tired of being the fall guy. I am tired as a judge, Ms. Kleinfeld and for anybody else who cares to listen, I am tired of being the fall guy out there as a member of the judiciary. I am tired of people of this world and the rest of the mental midgets out there complaining that the judges are the cause of all this. I just watched that debate on television last night and I was rather disturbed. It was an outrageous thing and the media and everyone else is always making the judiciary become the fall guy.
* * * * * *
The sentence of this Court is that you are to serve 15 years in the state prison based upon the above stated reason [commission of new offense while on probation].
So, take that on appeal. Raise that to the Third District. But the Court follows that it has followed the mandate of the Third DCA.
*324 A second and invalid reason for the more than one cell departure from the sentencing guidelines was clearly, although not stated as such, to send a message "out on the street" that "the judiciary is tired of being the fall guy" for the crime problem. We reverse and remand again, this time with instructions that the case be reassigned to another judge who has had no previous involvement in the matter.
Although this court has in the past directed the reassignment of criminal cases on remand, there has been little discussion of general criteria which should govern such actions. More often the decision is made on a case-by-case basis. See, e.g., Heath v. State, 450 So.2d 588 (Fla. 3d DCA 1984) (case reassigned on remand where judge expressed strong views that would not allow her to comply with terms of plea agreement accepted by predecessor judge). Some guidelines for this procedure are found, however, in United States v. Robin, 553 F.2d 8 (2d Cir.1977), where the court noted that it may be proper to reassign a case on remand in certain circumstances, even where there is no actual proof that a judge has a personal bias. In making a determination that the circumstances merited such an action, that court considered:
(1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.
Robin, 553 F.2d at 10. These guidelines, which have been applied in other jurisdictions, see, e.g., United States v. Sears, Roebuck & Co., 785 F.2d 777 (9th Cir.), cert. denied, ___ U.S. ___, 107 S.Ct. 580, 93 L.Ed.2d 583 (1986); Bercheny v. Johnson, 633 F.2d 473 (6th Cir.1980); and United States v. Arnett, 628 F.2d 1162 (9th Cir.1979), justify reassignment of this case on remand.
Here the trial judge has already demonstrated substantial difficulty in putting out of his mind previously expressed views regarding the defendant's sentence after this court found such views to be erroneous. Since this action is being remanded only for a sentencing hearing, reassignment will not entail a waste and duplication out of proportion with the appearance of unfairness which would otherwise occur if this case were returned to the same trial judge for a third time.
Reversed and remanded for further proceedings consistent with this opinion.
NOTES
[1] The defendant was on probation for burglary, trespass, and two counts of grand theft. The guideline sentence for the defendant, based on the nature of the offenses, prior convictions, and number of counts, is any non-prison sanction. The recommended sentence for violation of the probation by the commission of a new offense is twelve to thirty months of imprisonment.

Two of the above charges arose from an operation which was set up by police officers to snare car thieves around a flea market. The defendant was apprehended taking the bait  sticking his hand into an automobile to take a wallet left on the dashboard with paper currency protruding and the window open. Compare with Cruz v. State, 465 So.2d 516 (Fla. 1985) (entrapment defense available under circumstances where the defendant took paper money protruding from the pocket of a police decoy who pretended to be drunk), cert. denied, 473 U.S. 905, 105 S.Ct. 3527, 87 L.Ed.2d 652 (1985).
Two substantive incidents, purse snatching and fighting with an inmate, along with several technical violations, were the basis for the probation revocation. The State elected to prosecute the defendant for violation of probation rather than prosecute him for specific offenses arising out of these incidents. Factors relating to unprosecuted offenses could not have been considered for the purpose of deviating from the guideline sentence. Fla.R.Crim.P. 3.701 d. 11.