528 So.2d 1369 (1988)
Diane SHARP, As Personal Representative of the Estate of William David Sharp, II, Deceased, Appellant,
v.
Dr. Bernard LEVINE and Cheryl W. Levine, Appellees.
No. 87-214.
District Court of Appeal of Florida, Third District.
August 9, 1988.
*1370 Horton, Perse & Ginsberg and Arnold Ginsberg and Hoppe & Backmeyer, for appellant.
West & Lindley, Kubicki, Bradley, Draper, Gallagher & McGrane and Betsy Gallagher and Robert B. Brown, II, for appellees.
Before SCHWARTZ, C.J., and HUBBART and FERGUSON, JJ.
SCHWARTZ, Chief Judge.
Plaintiff's husband was gored to death on the property of the appellees Levine by a bull elephant owned by his employer. She sued the Levines on the theory that they were "keepers" of the animal under the rule that owners and keepers of wild animals are absolutely liable for the damages they cause. See 4 Am.Jur.2d Animals § 80 (1962); see also O'Steen v. Kemmerer, 344 So.2d 313 (Fla. 1st DCA 1977). The trial court granted summary judgment to the Levines on the ground that, as a matter of law, they were not "keepers" of the elephant. We agree and affirm.
The term "keeper" has been uniformly defined as connoting either the control or the right to control the thing allegedly "kept." Sibbett v. M.C.M. Livestock, Inc., 37 N.C. App. 704, 247 S.E.2d 2 (1978), review denied, 295 N.C. 735, 248 S.E.2d 864 (1978); see 23A Words and Phrases 379 (1967), and cases cited. In the present case, the defendants were no more than mere property owners, who had leased or licensed the use of the premises to the owner of the animal under terms which specifically provided that they were not in control of the elephant. The controlling agreement provides:
This letter is our [the Levines'] confirmation to lease the land at 6000 S.W. 118 Ave. Miami, Fl. You will be allowed to build pens of approximately 40' by 200' to hold animals for a period up to one year. You will be able to use this land free of charge, except that you will be responsible for the building cost of the pens. [The Levines] will be able to use the pens whenever they are not in use by your company and therefore available.
[The Levines] will not be responsible for feeding, watering or maintaining the animals in any manner and you will be responsible for any of the above as well as any liabilities connected with any animals kept on the premises.
A landlord-tenant or licensor-licensee relationship like this one is not sufficient to impose "keeper" liability. Reuter v. Swarthout, 182 Wis. 453, 196 N.W. 847 (1924); Buturla v. St. Onge, 9 Conn. App. 495, 519 A.2d 1235 (1987), cert. denied, 203 Conn. 803, 522 A.2d 293 (1987); see Wamser v. City of St. Petersburg, 339 So.2d 244 *1371 (Fla. 2d DCA 1976). See generally 34 Fla. Jur.2d Landlord and Tenant § 66 (1982); Annot., Who "Harbors" or "Keeps" Dog Under Animal Liability Statute, 64 A.L.R. 4th 963 (1988).
Affirmed.