PER CURIAM.
Wilfred Knox appeals his sentence of thirty years’ incarceration. We reverse.
Knox was convicted of strong-arm robbery, a second-degree felony under section 812.13(2)(c), Florida Statutes (1985), punishable by a statutory maximum of fifteen years’ incarceration under section 775.-082(3)(c), Florida Statutes (1985). The sentencing guidelines recommended range was nine-to-twelve years’ incarceration. The trial court departed from the presumptive guidelines sentence and sentenced Knox to the statutory maximum and listed seven written reasons for exceeding the guidelines. The trial court subsequently granted the state’s motion to enhance Knox’s sentence under the habitual offender statute, section 775.084, and increased Knox’s sentence to thirty years’ incarceration.
The state concedes that four of the seven departure reasons are invalid. Although the trial court indicated that each reason, standing alone, would warrant departure, we find that the state has not met its burden of proving beyond a reasonable doubt that the sentence would have been the same without the invalid reasons. Griffis v. State, 509 So.2d 1104 (Fla.1987); Albritton v. State, 476 So.2d 158 (Fla. 1985); State v. Mesa, 520 So.2d 328 (Fla. 3d DCA 1988). We, therefore, reverse and remand for the trial court to consider the three remaining reasons for departure and resentence Knox accordingly.
Reversed and remanded for resentenc-ing.