538 So.2d 497 (1989)
Bryant WRIGHT, Appellant,
v.
The STATE of Florida, Appellee.
No. 87-2054.
District Court of Appeal of Florida, Third District.
January 31, 1989.
Bennett H. Brummer, Public Defender, and Henry H. Harnage, Asst. Public Defender, for appellant.
*498 Robert A. Butterworth, Atty. Gen. and Fariba N. Komeily, Asst. Atty. Gen., for appellee.
Before BARKDULL, BASKIN and FERGUSON, JJ.
BASKIN, Judge.
Bryant Wright seeks reversal of the trial court's upward departure from sentencing guidelines. Pursuant to negotiations with the state, Wright entered pleas of guilty to attempted first-degree murder and robbery with a deadly weapon. The state dropped the remaining three counts of the information. Initially, the sentencing scoresheet included 21 points for victim injury. These points were subsequently deleted at the sentencing hearing, leaving a point total of 181, which carried a 12-17 year recommended sentence. The trial court, departing from the guidelines, sentenced Wright to concurrent sentences of 25 years. At the hearing, the judge announced his reasons for departure:
THE COURT: ...
The Court in imposing this sentence is finding that victim injury is in fact not a statutory element of the offenses of attempted murder. It is entirely possible for someone to complete the offense of attempted murder with no injury taking place. It is therefore not a statutory element and should not have been scored and the Court is finding it as one of the reasons for departure.
In addition, the Court finds that the excessive and cruel force used in the perpetration of both the attempted murder and of the robbery would justify departure. The Court will attach the transcript of the victim's testimony of the occurrence as part of the record and will be forwarded with the file.
Wright asserts that the trial court erred in departing from the sentencing guidelines. We disagree and affirm.
The record discloses that appellant Wright and his girlfriend entered the store in which the victim was employed, and engaged her in conversation for a long period of time, after which the couple left the store. Wright returned a short time later with a large Bowie knife and told the victim to go to the cash register and get the money. The victim complied with Wright's request. At that point, Wright ordered the victim into a dressing room, where he attempted to assault her sexually. When the victim asked him to take the money and leave without assaulting her, Wright stabbed her twice. After the victim begged Wright not to kill her over such a small amount of money, Wright positioned the knife over the victim's sternum, and began to press down with both hands. A sudden noise frightened Wright, and he fled from the store with the money. The victim was able to go to an adjacent store and request help, although she sustained severe injuries. According to medical testimony, she was cut from the top of her abdomen to the pubic bone. Three ribs were severed; her stomach, spleen, and peritoneum were cut open; and the nerves in her right hand were severed. Her injuries necessitated three operations and left her numb in a large area of her abdomen. She also suffers from stiffness and numbness in her right hand.
Wright argues that the trial court erred in failing to provide written reasons for its departure from the guidelines sentence; however, resentencing is required only when the trial court has failed to state any reasons for its guidelines departure. State v. Vickery, 536 So.2d 380 (Fla. 3d DCA 1989); State v. Martinez, 534 So.2d 1248 (Fla. 3d DCA 1988); State v. Wayda, 533 So.2d 939 (Fla. 3d DCA 1988). Here, the trial court stated its reasons for departure.
Next, Wright argues that the trial court relied upon invalid reasons in departing from the guidelines sentence. Victim injury is not an essential element of attempted murder or of robbery with a deadly weapon.[1]Massard v. State, 501 So.2d 1289 (Fla. 4th DCA 1986), review dismissed, 504 So.2d 403 (Fla. 1987). Thus, victim injury may support a departure from sentencing guidelines. Hansbrough v. *499 State, 509 So.2d 1081 (Fla. 1987); Hayes v. State, 516 So.2d 318 (Fla. 2d DCA 1987); Schraffa v. State, 508 So.2d 755 (Fla. 4th DCA 1987).
Furthermore, the trial court's second reason for departure, the use of excessive and cruel force in perpetrating the offense, constitutes grounds for departure from the recommended sentence. State v. McCall, 524 So.2d 663 (Fla. 1988); Roberts v. State, 510 So.2d 885 (Fla. 1987), cert. denied, ___ U.S. ___, 108 S.Ct. 1123, 99 L.Ed.2d 284 (1988); Hansbrough; see Orange v. State, 535 So.2d 691 (Fla. 3d DCA 1988). Of course, the trial court may not use both victim injury and excessive force as grounds for departure from sentencing guidelines because excessive force will "virtually always ... result in victim injury," and its use as a predicate for departure is duplicative where victim injury is also used as a ground for departure. Hansbrough, 509 So.2d at 1088. Because either reason was sufficient to support departure from the guidelines sentence, we affirm the sentence imposed.[2]
AFFIRMED.
NOTES
[1] Wright maintains that because the information charged that he committed attempted first degree murder by stabbing the victim with a knife, the use of the knife was an inherent component of the attempted murder charge and could not be used to depart from the guidelines sentence. The trial court did not depart merely because Wright used a knife: the court departed because Wright used excessive force.
[2] Wright also asserts that the reason the trial court departed from the sentencing guidelines was Wright's use of excessive force, an element of the offenses dropped by the state, and thus, an improper reason for departure under Rule 3.701(d)(11), Fla.R.Crim.P. We disagree. Wright was convicted of attempted first degree murder and robbery with a deadly weapon. In the commission of these two crimes, he used excessive force upon the victim. The extent of the victim's injuries is not at issue: the sole point is whether the evidence supports the trial court's finding that excessive force was used in the commission of the crimes for which Wright was convicted. We hold that it does.