PER CURIAM.
Wilfred Knox was convicted of strong-arm robbery, a second-degree felony under section 812.13(2)(c), Florida Statutes (1985), punishable by a term of imprisonment not exceeding fifteen years pursuant to section 775.082(3)(c), Florida Statutes (1985). The sentencing guidelines range was nine to twelve years. The trial judge departed from the recommended guidelines and sentenced Knox to fifteen years incarceration. Subsequently, the state sought to enhance Knox’s sentence under the habitual offender section 775.084, Florida Statutes (1985). The trial court granted the state’s motion and enhanced Knox’s sentence to thirty years incarceration. The trial court provided seven written reasons for departure. When Knox appealed, the state conceded that four of the seven reasons for departure were invalid. Accordingly, we reversed and remanded to the trial court “to consider the three remaining reasons for departure and resentence Knox accordingly.” Knox v. State, 528 So.2d 1369 (Fla. 3d DCA 1988). On remand, the trial court departed from the presumptive guidelines based on the three remaining reasons and sentenced Knox to thirty years imprisonment. Knox appeals. We affirm.
The reasons set forth by the trial court in support of its departure sentence are valid and supported by the record. The use of excessive force, Bannerman v. State, 544 So.2d 1132 (Fla. 4th DCA 1989); Wright v. State, 538 So.2d 497 (Fla. 3d DCA 1989); Harris v. State, 482 So.2d 548 (Fla. 4th DCA 1986); Smith v. State, 454 So.2d 90 (Fla. 2d DCA 1984); victim injury not scored as part of the charged offense, *232 Wright; Bell v. State, 522 So.2d 989 (Fla. 1st DCA 1988); Smith v. State, 507 So.2d 788 (Fla. 1st DCA 1987); Grandison v. State, 506 So.2d 74 (Fla. 5th DCA 1987); and a pattern of criminal conduct escalating from nonviolent crimes against property to violent crimes against the person, Keys v. State, 500 So.2d 134 (Fla.1986); McGriff v. State, 528 So.2d 396 (Fla. 3d DCA 1988); Brier v. State, 504 So.2d 809 (Fla. 2d DCA 1987), are all valid reasons for departure from the presumptive guidelines. However, because the use of excessive force will almost always result in victim injury, its employment as a reason to depart is duplicative when victim.injury is also stated as a reason to depart. Hansbrough v. State, 509 So.2d 1081 (Fla.1987); Wright. We therefore reject it as a reason for departure here. Notwithstanding that reason’s invalidity, after reviewing the record, this court “is satisfied that the state has met its burden of proving beyond a reasonable doubt that the sentence would have been the same without the impermissible reasons,” Griffis v. State, 509 So.2d 1104, 1105 (Fla.1987); see also Albritton v. State, 476 So.2d 158 (Fla.1985).
This case is distinguishable from Spivey v. State, 512 So.2d 322, 323 (Fla. 3d DCA 1987). In Spivey, we viewed the trial court’s candid record statements as “prejudicial factors extraneous to the case.” Here, however, we find that the trial court expressed views in accord with the reasons we ruled valid. Noting that it accepted the opinion of this court, the trial court reiterated its disapproval of the excessive amount of force used in the commission of the robbery. Because we deemed that ground a valid reason for departure, we are unable to say that the trial court failed to follow our mandate.[1]
Affirmed.
BASKIN and GERSTEN, JJ., concur.

. Knox’s conviction was entered prior to the effective date of the July 1, 1987 amendment to section 921.001(5), Florida Statutes (1985), and therefore, the controlling principles of review are set forth in Albritton v. State, 476 So.2d 158 (Fla.1985). See State v. McGriff, 537 So.2d 107 (Fla.1989).