FERGUSON, Judge
(dissenting).
The panel opinion, in my view, misses the issue. This case is indistinguishable from Spivey v. State, 512 So.2d 322 (Fla. 3d DCA 1987), where we reversed a sentence a second time and remanded with instructions that the case be reassigned to a different judge for sentencing where the trial judge[1] had shown substantial difficulty in putting out of his mind reasons which should not have been a factor in a decision to exceed the sentencing guidelines.
We reversed this same thirty-year sentence in Knox v. State, 528 So.2d 1369 (Fla. 3d DCA 1988), on grounds that four of seven reasons given for the departure were invalid. Two of the four invalid reasons were (1) the defendant committed the crime against a victim who was particularly vulnerable, and (2) the victim was over sixty-five years of age.
On remand for resentencing the trial court again, in pronouncing the sentence, relied on two of the disallowed reasons:
[T]he court is satisfied that the defendant committed the crime against the victim, who was particularly vulnerable in that she was a frail, thin, elderly woman. And of course the victim of the crime was over 65 years of age and now is deceased. How old was she at the time of her death?
THE PROSECUTOR: She would have been 79.
THE COURT: She would have been 79. She. was 76 at the time of the offense.
The court would also—
THE PROSECUTOR: Judge, if I may, with regard to the appellate court’s mandate, the only valid reasons the court could give—
THE COURT: Are one,. four and five.
* * * * * *
Now, the Third District Court of Appeal said, well, we don’t feel that reason number 2 and reason number 3 are valid.
*233 Well, I accept their opinion. However, I still think that it certainly has to be factored in when this defendant preyed on somebody 76 years old in a frail condition and an excessive amount of force was used. The woman was thrown to the ground and put into the hospital. Justice requires that a sentence be imposed compensatory with the offense. This court will again sentence the defendant to thirty years in the state penitentiary.
(Emphasis supplied).
The factors we considered in Spivey v. State, in ordering a third sentencing hearing before a different judge, are present here: (a) the trial judge has demonstrated an inability to comply with the mandate for reasons of personal convictions, (2) reassignment is necessary to preserve the appearance of justice, and (3) reassignment would not be a waste and duplication out of proportion to any gain in preserving the appearance of fairness. Spivey, 512 So.2d at 324.
The panel opinion presents a clear conflict with a prior decision of this court.

. This case involves the same trial judge.