532 So.2d 674 (1988)
Billy Don DUNCAN, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. BP-193.
District Court of Appeal of Florida, First District.
February 24, 1988.
Rehearing Denied November 14, 1988.
*675 Michael E. Allen, Public Defender, Phil Patterson, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Norma J. Mungenast, Asst. Atty. Gen., for appellee.
SHIVERS, Judge.
The appellant/defendant appeals the trial court's departure from the three year sentence recommended by the sentencing guidelines. We reverse and remand for resentencing.
The facts contained in the record on appeal indicate that a householder was awakened at approximately 12:05 a.m. on August 12, 1985 by screams for help coming from the bedroom of his 69-year-old mother. He ran to the room to find appellant standing over his mother's bed and threw appellant down the hallway. While the son was checking his mother's condition, appellant left the house. The mother received two lacerations on her head, both requiring medical attention. Approximately fifteen minutes later, appellant entered a second home and found a woman sitting on the sofa watching television. Appellant hit the woman in the mouth with his fist, attempted to remove her shirt, and fondled her breasts.
Appellant entered pleas of nolo contendere to burglary of a dwelling in the first case and to burglary of a dwelling with assault in the second case. Despite a recommended guideline sentence of three years, the trial court imposed concurrent sentences of twenty years in the second case and fifteen years in the first case, giving the following written reasons for departure:
1. In each case, the defendant entered the victim's home at night and attempted to brutally rape two women who were complete strangers to him, one of the victims 69 years of age.
2. The defendant physically attacked and beat both female victims, resulting in both physical and psychological trauma to both.
3. In both cases, minor children were present in the house at the time of the attacks. The children have suffered lasting psychological trauma as a result.
4. If any of the aforesaid reasons are found to be invalid, the court would impose the same sentence for each of the remaining valid reasons for departure.
Appellant argues on appeal that each of these reasons is invalid. Finding Reasons 1 and 3 to be invalid in full, and Reason 2 to be only partially valid, we reverse and remand for resentencing.
Reason 1 is invalid in several different respects. First, the fact that appellant entered the victims' homes is an inherent component of the offense of burglary of a dwelling and, as such, may not be used as a reason for departure. Scurry v. State, 489 So.2d 25 (Fla. 1986). See also Brown v. State, 511 So.2d 719 (Fla. 1st DCA 1987), and Williams v. State, 492 So.2d 1308 (Fla. 1986) (the fact that defendant entered the victim's home at night while the victim was sleeping and, thus, vulnerable, was not a valid reason for departure). Second, attempted sexual battery, even if supported by the record, constitutes a factor relating to the offense for which a conviction was not obtained and, therefore, may not be used as a reason for departure. Fla.R.Crim.P. 3.701(d)(11); Scurry v. State, supra. Third, although there are several cases in which departures based on age and vulnerability of the victim have been affirmed, age is an inappropriate reason for departure where, as here, there is no evidence that the victim was any more vulnerable than a younger or stronger person. Guzie v. State, 512 So.2d 289 (Fla. 1st DCA 1987).
The second reason stated by the trial court contains both valid and invalid components. First, since the sentencing guideline scoresheet reflects ten points for *676 physical victim injury, the use of physical injury as a reason for departure is improper. Scurry v. State, supra. Second, this court has held that emotional trauma may be a valid reason for departure in a burglary case, since it is not a requisite element of the offense of burglary. Lawson v. State, 498 So.2d 541 (Fla. 1st DCA 1986); Berry v. State, 511 So.2d 1075 (Fla. 1st DCA 1987). The record does contain evidence of emotional trauma to the woman in the first case, therefore constituting a valid reason for departure with respect to the burglary of a dwelling count. On the other hand, since emotional trauma is an inherent component of burglary with assault, Traver v. State, 502 So.2d 1009 (Fla. 2d DCA 1987), any emotional trauma to the woman in the second case, to support a departure from the sentencing guidelines, would have to be based on extraordinary circumstances clearly not inherent in the offense. Casteel v. State, 498 So.2d 1249 (Fla. 1986). Since there is no evidence in the record of any emotional trauma to the woman in the second case, let alone trauma based on extraordinary circumstances, that portion of the second reason is invalid.
The third reason, like the first, is invalid in full. In Casteel v. State, supra, the supreme court held that either emotional trauma suffered by a child who witnessed a sexual assault on his mother or the mere fact that he witnessed the attack, constituted a valid reason for departure. The record in this case contains no evidence that any children in the second house, although present in the house at the time of the incident, suffered any emotional trauma or that they even witnessed the crime. Likewise, although there is evidence in the first case that an eleven-year-old child was asleep in the room when the attack occurred, the record does not establish beyond a reasonable doubt that the child actually witnessed the attack. State v. Mischler, 488 So.2d 523 (Fla. 1986). Therefore, the third reason for departure is invalid.
Last, the "boiler plate" language used by the court in Reason 4 has been found not to satisfy the standard set out in Albritton v. State, 476 So.2d 158 (Fla. 1985). Griffis v. State, 509 So.2d 1104 (Fla. 1987). Since only a portion of Reason 2 is valid, and since the State has not established beyond a reasonable doubt that the court would have imposed the same sentence in the absence of the invalid reasons, we reverse and remand for resentencing. According to the supreme court's recent decision in Shull v. Dugger, 515 So.2d 748 (Fla. 1987), the trial court may not enunciate new reasons for departure on remand.
REVERSED and REMANDED.
JOANOS and THOMPSON, JJ., concur.