THREADGILL, Judge.
Appellant, Naomi Lovett, appeals her convictions and departure sentences for third-degree murder and felony child abuse. We affirm the convictions but find that the reasons given for departure are invalid and remand for resentencing within the guidelines.
On June 25, 1987, paramedics responded to a call where they found seventeen month old DeAngelina Lovett with no pulse and no respiration. She was transported to the hospital where she remained, clinically brain dead, on life support until her death a day and a half later. The cause of death was determined to be injury to the mesen-tery, the tissue which supports the intestines, most likely caused by a hard blow to the abdomen.
*905 A jury found Appellant, the child’s mother, guilty of third-degree murder, manslaughter, and felony child abuse. The manslaughter conviction was merged with the murder conviction and Appellant was sentenced to fifteen years in prison for murder and five years in prison, consecutive, for child abuse. The recommended guidelines sentence was three to seven years. The trial court gave five reasons for departure.
We find that the five reasons expressed by the trial court are not valid reasons for departure. Two of the trial court’s reasons — that the victim suffered traumatic pain and that the victim’s brother suffered emotional trauma in witnessing the event — are not supported by the record and are therefore invalid. Duncan v. State, 532 So.2d 674 (Fla. 1st DCA 1988). Although the psychologist who treated the victim’s brother was present at the sentencing hearing, no testimony was taken of her or any other witness to establish that he had, in fact, suffered emotional trauma as a result of what he had witnessed. Such emotional trauma must be proven beyond a reasonable doubt. State v. Mischler, 488 So.2d 523 (Fla.1986).
Two of the remaining reasons— that the victim was vulnerable and defenseless, and that the victim was Appellant’s child — are inherent components of the offense of child abuse, and as such have already been scored against Appellant. Hall v. State, 517 So.2d 692 (Fla.1988); Graham v. State, 557 So.2d 669 (Fla. 5th DCA 1990), rev. den., State v. Graham, 567 So.2d 435 (Fla.1990). Finally, the trial court’s finding that excessive force was used in causing the victim’s death would have been contemplated under the score for victim injury, and is therefore not a valid reason for departure. Hall, 517 So.2d at 692.
We have carefully considered the record, and find no merit to Appellant’s challenges concerning her convictions. We therefore affirm the convictions but vacate the departure sentences and remand for resentenc-ing within the sentencing guidelines.
Affirmed in part; reversed in part and remanded.
FRANK, A.C.J., and HALL, J., concur.