WHATLEY, Judge.
The appellant, Willie D. Bell, challenges his sentences for battery and grand theft. He contends that the trial court erred in scoring two of his prior Georgia convictions as third-degree felonies rather than misdemeanors. We agree and reverse.
First, Bell argues, and the state correctly concedes, that his prior Georgia conviction for possession of marijuana was improperly scored as a third-degree felony.
Second, Bell argues that his prior Georgia conviction for pointing a gun was also improperly scored as a third-degree felony. We agree. To determine whether an out-of-state conviction is analogous to a violation of a Florida statute for the purpose of calculating guidelines scoresheet points, the elements of the out-of-state crime must be considered. Dautel v. State, 658 So.2d 88 (Fla.1995).
Bell was convicted of the Georgia offense of “pointing or aiming gun or pistol at another.” Ga.Code Ann. § 16-11-102 (1991). The Georgia law provides that “[a] person is guilty of a misdemeanor when he intentionally and •without legal justification points or aims a gun or pistol at another, whether the gun or pistol is loaded or unloaded.” There is no precisely parallel Florida statute.
The state argues that the offense is most similar to the Florida crime of aggravated assault. However, that crime requires that the defendant make a threat to do violence by word or act and that the victim have a well-founded fear that such violence is imminent. §§ 784.011(1), 784.021, Fla.Stat. (1993). Thus, the elements of the Georgia offense of pointing or aiming a gun or pistol at another are not analogous to the elements of aggravated assault under Florida law.
We conclude that the Georgia offense of pointing or aiming a gun or pistol at another is most closely analogous to the Florida offense of improper exhibition of a dangerous weapon or firearm. Section 790.10, Florida Statutes (1993), provides:
If any person having or carrying any dirk, sword, sword cane, firearm, electric weapon or device, or other weapon shall, in the presence of one or more persons, exhibit the same in a rude, careless, angry, or threatening manner, not in necessary self-defense, the person so offending shall be guilty of a misdemeanor of the first de-gree_
The element of pointing or aiming a gun or pistol at another is similar to the element of exhibiting a gun in a threatening manner. Therefore, Bell’s conviction should have been scored as a misdemeanor.
Bell also asserts that the trial court improperly considered evidence of a crime for which Bell was not convicted in sentencing him within the permitted range. We reject this argument because the trial court *125 was not required to provide a reason for sentencing Bell within the permitted range.
However, we note that the trial court may have thought that the sentence was a departure sentence. In doing so, it listed a reason for departure. The trial court held that the occurrence of the crime in the presence of one or more of the victim’s children provided a valid reason for a departure sentence. We conclude that, under the facts of this case, this did not constitute a valid departure reason.
To constitute a valid departure reason, there must be evidence that the child actually witnessed the crime and that the child suffered emotional trauma as a result of what she witnessed. Lovett v. State, 569 So.2d 904 (Fla. 2d DCA 1990); Smith v. State, 530 So.2d 490 (Fla. 2d DCA 1988). In this ease, it is not clear from the record whether the child observed the offense. Further, there was no evidence at trial or during sentencing regarding what, if any, emotional trauma the child suffered as a result of what she observed. Consequently, unless sufficient evidence of such is present on remand, this is not a valid reason to depart from the guidelines.
PATTERSON, A.C.J., and ALTENBERND, J., concur.