PER CURIAM.
The appellant appeals his conviction and sentence for armed burglary, aggravated battery, and resisting arrest without violence. We affirm the appellant’s conviction; however, we reverse the upward departure in appellant’s sentence and remand for re-sentencing.
In imposing the upward departure sentence, the trial court’s written explanation provided that the “victim [was] attacked in her home in the presence of her six (6) year old child who was asleep nearby.” During the appellant’s attack on the victim outside the backdoor of her house, the victim’s son was asleep and then later removed from the house. As stated by the trial court, “there was no evidence or testimony presented that the child had, in fact, witnessed any of the events of question, but there is no question that he was present at the time of this burglary and the assault on his mother.”
On appeal, the appellant contends the upward sentencing departure based upon the presence of the victim’s son was error because the evidence does not establish the child witnessed the attack. Neither party addresses the issue of whether the child suffered emotional trauma.
When reviewing an upward sentencing departure, an appellate court should only review the trial court’s stated reasons and determine whether they are justified and supported by a preponderance of the evidence. See State v. Chandler, 668 So.2d 1087, 1088 (Fla. 1st DCA 1996). The aggravating circumstance chosen by the trial court is listed in section 921.0016, Florida Statutes, as “[t]he victim was physically attacked by the defendant in the presence of one or more members of the victim’s family.” § 921.0016(3)(m), Fla. Stat. (1997).
The aggravating factor chosen by the trial court in the present case requires either: (1) evidence of emotional trauma suffered by the child; or (2) evidence that the child actually witnessed the attack. See Casteel v. State, 498 So.2d 1249, 1253 (Fla.1986); Duncan v. State, 532 So.2d 674, 676 (Fla. 1st DCA 1988). In Duncan, the upward sentencing departure based upon the children’s presence during the attack was held invalid, because although there was evidence the children were present at the time of the incident, there was no evidence the children suffered any emotional trauma or that they witnessed the crime. See Duncan, 532 So.2d at 676.
Similarly, in the present case, while there is evidence the victim’s son was in the house during the attack, there is no evidence the child witnessed the attack or suffered emotional trauma. Therefore, the upward sentencing departure is invalid. Accordingly, we reverse and remand to the trial court for re-sentencing.
REVERSED AND REMANDED.
GUNTHER, FARMER and GROSS, JJ., concur.